**Wilbert MAYFIELD, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–00901–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 9, 1992.

Discretionary Review Refused
June 24, 1992.

Paul J. Hilbert, Floyd W. Freed, III, Houston, for appellant.

Scott A. Durfee, Houston, Matthew W. Paul, Austin, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION ON MOTION
## FOR REHEARING

MURPHY, Justice.

Appellant entered a plea of not guilty before a jury to the offense of aggravated robbery. TEX.PENAL CODE ANN. § 29.03.

He was convicted and the jury assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(d), at imprisonment for life.

On original submission, on September 5, 1991, we reversed the judgment of the trial court and remanded for a new trial, holding that the trial court erred by failing to conduct a hearing on the voluntariness of appellant's confession, pursuant to TEX.CODE CRIM.PROC.ANN. art. 38.22, § 6. In its motion for rehearing, the State requested that this court, as an alternative to reversing the judgment of the trial court, instead, abate the appeal and order the trial court to conduct a hearing on the voluntariness of appellant's confession.

On November 27, 1991, we granted the State's motion for rehearing and withdrew our opinion issued September 5, 1991. At the same time, we ordered the trial court to conduct a hearing on the voluntariness of appellant's confession and to file findings of fact and conclusions of law concerning the voluntariness of appellant's confession.

The trial court has now complied with the order of this court by conducting a hearing and filing its findings of fact and conclusions of law. The statement of facts from the hearing conducted by the trial court has been forwarded to this court. In addition, the parties have filed supplemental briefs. We now fully substitute this opinion for our opinion in this cause issued September 5, 1991.

In his brief on original submission, appellant raised a single point of error, contending that the trial court erred by failing to conduct a hearing on the voluntariness of appellant's confession. That issue has been rendered moot by subsequent events, and we now overrule appellant's sole point of error in his brief on original submission.

With leave of the court, appellant has filed a supplemental brief raising an additional point of error, which appellant designates as "point of error No. 1–A." In his supplemental point of error, appellant contends the trial court erred in holding appellant's confession to be voluntary. The crux of appellant's contention is that his statement was "involuntary per se" because the

police officer to whom the statement was made did not administer appellant's statutory *Miranda* warnings, pursuant to TEX. CODE CRIM.PROC.ANN. art. 38.22, § 2.

In order to evaluate appellant's supplemental point of error, it is necessary to be acquainted with the factual background. Appellant was convicted of participating in the robbery of the 14 Karat Designs jewelry store, together with one Michael Johnson, on June 8, 1980. Appellant and Johnson held several employees of the store at gunpoint while they robbed the store of a large amount of cash and checks and some twelve to fourteen thousand dollars worth of jewelry.

After appellant and Johnson left the store, the owner of the store, Sixto Camacho, pursued the pair. Camacho found the two men around behind the store and fired a warning shot in the air, ordering them to stop. Appellant and Johnson took off running, with Camacho after them. Camacho took aim with his gun, shooting appellant in the buttocks. Appellant was then taken back into the store. He tried to escape, but was captured behind the store. The police arrived and appellant was taken to Ben Taub hospital for treatment. Michael Johnson escaped.

At the hospital, Sergeant Gott of the Houston Police Department interviewed appellant. Appellant admitted he had participated in the robbery and identified the other robber as Michael Johnson. Apparently, appellant was under the mistaken impression that he had been shot by Johnson.

Appellant testified as a witness in his own behalf at trial. He denied that he participated in the robbery. Instead, appellant contended that he was in the vicinity of the jewelry store around the time of the robbery when two men approached him. Appellant knew one of the men and stopped to talk with him. About that time, Sixto Camacho appeared behind the store and fired a shot, hitting appellant. Appellant was then apprehended by Camacho. After being taken back to the store, appellant testified he tried to leave because he was being roughed up by Camacho and the store employees. After being apprehended

again, appellant was taken to Ben Taub Hospital. At trial, he denied any role in the robbery. On cross-examination, appellant denied that he ever saw Sergeant Gott at the hospital or that he made any statement to anyone at the hospital implicating himself in the commission of the robbery.

On rebuttal, Sergeant Gott was permitted to testify, over objection, that appellant made an oral statement admitting his participation in the robbery.

In his supplemental point of error, appellant contends the trial court erred in holding appellant's statement to be voluntary. The gist of appellant's argument is that, since the warnings required under TEX. CODE CRIM.PROC.ANN. art. 38.22, § 2, were admittedly not administered, and no exception has been shown to the requirements of the statute, then the statement of appellant admitted at trial was "involuntary per se."

We note at the outset that there is a variance between appellant's objection at trial and his point of error. At trial, appellant's first objection, lodged when the State sought to cross-examine him about the statement to Sergeant Gott, was that such questioning violated appellant's motion in limine. Later, when the State sought to offer the testimony of Sergeant Gott on rebuttal, appellant objected on the ground that the officer never read appellant his *Miranda* warnings. No mention was ever made of the statutory warnings required under TEX.CODE CRIM.PROC.ANN. art. 38.22.

■■■■ Where the objection made at trial differs from the complaint raised on appeal, no error is preserved. *Thomas v. State,* 723 S.W.2d 696, 700 (Tex.Crim.App. 1986). More recently, however, the Court of Criminal Appeals said,

> all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.

*Lankston v. State,* 827 S.W.2d 907, 909 (Tex.Crim.App. 1992) (Not yet reported.)

Although the court dealt there with an objection the State contended was too general to preserve error, the same reasoning applies here. There are some differences between the warnings required under article 38.22 and the *Miranda* warnings. *See Perillo v. State,* 758 S.W.2d 567, 575 (Tex. Crim.App.1988). There is enough of a similarity, however, that the trial court should have been on notice that appellant's complaint went to the lack of warnings prior to the making of his oral statement. While we have some misgivings about whether error was preserved, we will nevertheless address appellant's point of error on the merits.

■ TEX.CODE CRIM.PROC.ANN. art. 38.22, § 5, expressly excludes from the purview of the statute, "a voluntary statement, whether or not the result of custodial interrogation, that has a bearing upon the credibility of the accused as a witness...." The State expressly offered the oral statement made by appellant for impeachment purposes, after appellant denied giving a statement to Sergeant Gott and even denied seeing Sergeant Gott while appellant was in the hospital. Unwarned statements may be introduced to impeach the testimony of a defendant. *Lykins v. State,* 784 S.W.2d 32, 36 (Tex.Crim.App.1989); *Thomas v. State,* 693 S.W.2d 7, 11 (Tex.App.— Houston [14th Dist.] 1985, pet. ref'd).

It remains for us to determine whether the statement made by appellant was voluntary. 784 S.W.2d at 36. In *Lykins,* the Court of Criminal Appeals held an oral statement was involuntary where there were administrative penalties within the state prison system attached to a failure to provide a statement. 784 S.W.2d at 37.

■ In the instant case, there was no penalty attached to appellant's refusal to give Sergeant Gott a statement concerning the offense and no reason why appellant would believe there was a penalty associated with his refusal to give a statement. Sergeant Gott initiated the conversation by identifying himself and asking appellant "what happened?" Appellant thereafter freely acknowledged his part in the rob-

bery. The trial court found that appellant's statement to Sergeant Gott was voluntary, and we hold that the findings of the trial court are supported by the record. *See Self v. State,* 709 S.W.2d 662, 665 (Tex. Crim.App.1986). The trial court found that appellant was alert and not under any medication at the time of giving his statement and that appellant was not coerced into making the statement. Implicit in the trial court's findings is that appellant's primary motive in speaking freely about the robbery was that he erroneously believed he had been shot by the other participant in the robbery, Michael Johnson. There is no reason why such an erroneous belief would affect the voluntariness of appellant's statement. While appellant testified that he was under medication at the time of his statement and that he did not recall making it, the trial court could reject that testimony. *See Sosa v. State,* 769 S.W.2d 909, 915 (Tex.Crim.App.1989).

We hold that the trial court's finding that appellant's oral statement was voluntary is supported by the record. Moreover, we reject appellant's contention that because the statutory warnings were not given this rendered appellant's statement "involuntary per se."

Appellant's statement was properly admitted for the purpose of impeaching his testimony. We overrule appellant's supplemental point of error No. 1–A.

Accordingly, we affirm the judgment of the trial court.