Nicholas **CROSSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–98–00297–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 21, 2000.

Charles Medlin, Houston, for Appellant.

Rikke Burke Graber, John B. Holmes, Houston, for the State.

Panel consists of Justices COHEN, NUCHIA, and SMITH.*

## ORDER ON CONTINUING ABATEMENT

COHEN, Justice.

A jury found appellant guilty of possession with intent to deliver at least 400 grams of cocaine. The trial judge assessed punishment at 15 years in prison. We abate the appeal and remand for a new suppression hearing.

### Suppression Motion Hearing

In a sole point of error, appellant contends the trial judge erred by requiring him to incriminate himself by answering a question outside the scope of a motion to suppress hearing.

#### 1. The Error

The State's witness, Deputy Foose, testified that (1) he stopped appellant's car for traffic offenses; (2) as the deputy approached, he saw a back-seat passenger (not appellant) shoving an open, clear bag full of cash between his feet; (3) appellant, the driver, was very nervous; (4) he consented to a search; (4) the deputy found cocaine in the trunk; and (5) he then arrested appellant.

Appellant was then called to testify "for the limited purposes of this hearing." He admitted that he was nervous and consented to the search, but only after being handcuffed. The State then cross-examined appellant:

State: Mr. Crosson, did you know there was a kilo of cocaine in your trunk?

Counsel: I object. That's outside the scope of this hearing. This is for the motion to suppress and probable cause. It's not for his knowledge on the case.

Court: Overruled.

Counsel: Well, then, Your Honor, I have to withdraw his testimony. We'll withdraw what he has to say.

Court: You can't withdraw it.

Counsel: Well, Your Honor, then I instruct him he needs to assert his privilege to—

Court: You go into details, I think she is entitled to go into the details.

Counsel: Well, Your Honor, I think that's outside the scope of the hearing for the probable cause of the stop, of the arrest. That's what I called him

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

for, solely for the purpose of this hearing.

Court: I understand that's solely for the purpose of this hearing.

Counsel: But I have to instruct him to not answer the question.

Court: Well, you go ahead and instruct him, but I'm going to allow the question.

Counsel: Yes, sir.

State: And the question is, Mr. Crosson, did you know there was a kilo of cocaine in the trunk of your car on April 17th, 1997, when the police officer pulled you over?

Counsel: At this time, Your Honor, I would instruct my client to not answer that question.

Court: On what grounds?

Counsel: On his Fifth Amendment privilege. He's been called to testify on the motion to suppress solely as to the probable cause of the stop.

Court: Yes, but the Court believes that you're not dictating the terms of cross-examination, that you're claiming he didn't know anything.

Counsel: No, sir, I didn't claim that. I have not claimed that. But that's nothing—I have not said that he did not know.

Court: Well, you have gone into the details of what was asked.

Counsel: Yes, sir, I did.

Court: And yet you don't want the State to ask him what he said.

Counsel: She can ask him what he said: "Did you say that?" What she cannot ask him, "Did you know that there was cocaine in there?" If she wants to say, "Did you tell the officer you didn't know?" that is proper cross-examination, but it's improper for the purposes of this hearing to allow her to ask him did he know there was cocaine in the car, because that's not what I asked him. I had asked him what was said. That's all I asked.

Court: Well, I am staying with my ruling.

Counsel: And I have instructed you not to answer the question, Mr. Crosson.

Court: Any other questions?

State: Your Honor—

Counsel: But I am willing to withdraw his testimony, withdraw him as a witness, if that's the Court's ruling.

Court: That's my ruling.

Counsel: Then I will withdraw him as a witness and withdraw from consideration the testimony he's given.

Court: You are going to withdraw the motion?

Counsel: No, sir, but I will withdraw Mr. Crosson as a witness or I guess his testimony not to be considered.

State: So does that mean there's no evidence presented on the motion?

Court: Right, except your officer's testimony.

State: So he's put him up there and directed testimony but he's withdrawing it?

Court: But he's striking his testimony now.

Counsel: Yes, sir.

State: Judge, I object.

Court: What do you want me to do?

State: I have never been in this position in ten years. My understanding of the rules are if a witness takes the stand and testifies to a certain situation, that he's open for cross-examination for all purposes.

Court: What do you want me to do?

State: Instruct him to answer the question.

Court: And then if he won't, if he wants to stand on the Fifth Amendment?

State: Well, I guess we're in a situation where he's contemptible.

Court: That may be satisfaction to you, but that doesn't get my trial going.

Counsel: And I will withdraw his testimony from consideration in the mo-

tion to suppress, Your Honor, given the Court's ruling. I will withdraw it. You can strike it.

Court: And I will allow him to do that. Do you want to follow your lawyer's advice?

Appellant: Yes, Your Honor.

Court: The Court grants the motion to withdraw the testimony of the defendant.

■■■■ The judge's ruling violated appellant's Fifth Amendment privilege against self-incrimination. It also required appellant to waive his Fifth Amendment right against self-incrimination in order to assert his Fourth Amendment right against illegal search and seizure. That was constitutional error because a defendant cannot be made to give up one constitutional right in order to assert another. He is entitled to all of them. *See Simmons v. U.S.*, 390 U.S. 377, 393–94, 88 S.Ct. 967, 976, 19 L.Ed.2d 1247 (1968); *Masters v. State*, 545 S.W.2d 180, 181 (Tex.Crim.App. 1977) (holding trial judge erred in denying appellant opportunity to give limited testimony supporting suppression motion without subjecting himself to unlimited cross-examination by State); *McCain v. State*, 995 S.W.2d 229, 235–36 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd, untimely filed), *disagreed with on other grounds, Webber v. State*, 29 S.W.3d 226, 232–34 (Tex.App.—Houston [14th Dist.] 2000, pet. filed Nov. 1, 2000); *see also* Tex.R.Evid. 104(d) (accused testifying on a preliminary matter does not become subject to cross-examination on other issues in the case); *Brumfield v. State*, 445 S.W.2d 732, 737 (Tex.Crim.App.1969) (op. on reh'g) (in dicta, "Thus, where the defendant has a right to an evidentiary hearing on a motion to suppress, he may take the stand and limit his waiver of his privilege against self-incrimination to that hearing."). *Cf. Johnson v. State*, 803 S.W.2d 272, 284–85 (Tex. Crim.App.1990) (holding cross-examination of wife, who retained spousal privilege for trial, at suppression hearing was limited to suppression matters only), *overruled on other grounds, Heitman v. State*, 815 S.W.2d 681, 690 (Tex.Crim.App.1991).

Thus, appellant was forced to choose between (1) waiving his right against self-incrimination; (2) asserting his right against self-incrimination, thus risking being held in contempt by the judge who, upon conviction, would assess his punishment; or (3) withdrawing his testimony in order to avoid this dilemma.

## 2. The Harm

■■■■ The State concedes that any error was constitutional. *See* Tex.R.App.P. 44.2(a); *McCain*, 995 S.W.2d at 236. The burden under rule 44.2(a) is on the State to show beyond a reasonable doubt that the error made no contribution to the verdict. *Williams v. State*, 958 S.W.2d 186, 194 n. 9 (Tex.Crim.App.1997); *Merritt v. State*, 982 S.W.2d 634, 636 (Tex.App.— Houston [1st Dist.] 1998, pet. ref'd, untimely filed).

■■■■ The State asks us to consider appellant's suppression-hearing testimony— in which it claims appellant did not contest the basis for the initial stop—to find the error harmless. We may not do so. First, appellant did not admit to the violation, but merely recited what the officer had told him the reason for the stop was. Second, appellant's testimony was incomplete. Third, appellant was forced to withdraw all of his suppression testimony because of the judge's ruling. Thus, it was no longer in evidence. *See, e.g., Hochman v. State*, 146 Tex.Crim. 23, 170 S.W.2d 756, 761 (1943) (op. on reh'g) (holding jury cannot consider evidence withdrawn by trial judge); *see also Elizalde v. State*, 507 S.W.2d 749, 751–52 (Tex.Crim.App.1974) (implying that exhibit withdrawn at punishment hearing before judge could not be considered as evidence for appellate review), *overruled on other grounds, Bullard v. State*, 533 S.W.2d 812, 816 (Tex.Crim. App.1976). Accordingly, we may not consider it when assessing harm.

We address one further matter, although it has not been raised by the State. Immediately after appellant withdrew his testimony, he tried to call a second officer (Officer Palacios), but the trial judge refused, wanting instead to "carry it with the trial." Appellant's counsel consented:

> That's fine. I understand. When [Officer Palacios] testifies, then I will approach about having to consider what his answers were. We can carry the motion to suppress with the trial. After he testifies, I can ask the Court's ruling on the motion to suppress. [The DA] can order her proof in such a way that once the other officer testifies, not to offer the cocaine until the other officer testifies, and I will ask for a ruling on my motion to suppress.

Everyone agreed to this procedure. Deputy Foose testified at trial without objection that he found cocaine and that his dog had "alerted" to it. Appellant did not request a suppression ruling until later, when the cocaine was offered during Officer Palacios's testimony. Then, the motion was denied.

■ If appellant were now complaining of the suppression ruling itself, we would need to decide whether that issue was (1) waived by the lack of objection to Deputy Foose's testimony or (2) preserved by the parties' quoted agreement that appellant could wait until after both officers had testified and the State had offered the actual cocaine before appellant had to request a suppression ruling. But that is not appellant's complaint. Rather, appellant complains he was denied due process by not being allowed to testify on his own motion without waiving his right against self-incrimination. *See Simmons,* 390 U.S. at 393–94, 88 S.Ct. at 976. That is a denial

of due process of law under the Fourteenth Amendment, *i.e.,* the right to be heard, not a denial of rights under the Fourth Amendment (search and seizure). A timely Fourth Amendment objection by appellant to Deputy Foose's testimony would not have avoided or cured the preexisting Fourteenth Amendment due process error. It would merely have secured a ruling on a suppression motion that appellant was never allowed to support with his most valuable evidence—his own testimony. Appellant still would not have been allowed to testify out of the jury's presence without choosing between contempt and self-incrimination, as was his constitutional and statutory right. *See* Tex.R.Evid. 104(c) (criminal hearings on preliminary matters "shall" be conducted out of the jury's hearing when accused is a witness and so requests); Tex.R.Evid. 104(d) (accused testifying on preliminary matters cannot be cross-examined on other matters). Appellant still would have been denied the Fourteenth Amendment right to present a defense. *See Webb v. Texas,* 409 U.S. 95, 98, 93 S.Ct. 351, 353–54, 34 L.Ed.2d 330 (1972); *Washington v. Texas,* 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967).

The judge denied the motion without hearing appellant's evidence, based solely on the State's evidence. That harmed appellant. If he had disallowed the State's improper question, the judge would then have considered appellant's evidence and ruled. If the judge had granted the motion, appellant would have won the case then and there. If the judge had denied the motion, appellant would have preserved his fully developed claim of Fourth Amendment error, pursuant to Tex.R.Evid. 103(a)(1).[1] Either way, appellant would

---

1. **RULE 103. RULINGS ON EVIDENCE**
   (a) **Effect of Erroneous Ruling.** Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
   (1) *Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating

the specific ground of objection, if the specific ground was not apparent from the context. When the court hears objections to offered evidence outside the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admit-

have been heard to present his defense without incriminating himself. Instead, appellant's Hobson's choice was (1) to waive his right against self-incrimination; (2) to assert that right and risk contempt before the judge who, upon conviction, would assess his punishment; or (3) to abandon his right to testify outside the jury's presence and instead seek a ruling during trial without his own testimony to support it.

It is hard to imagine that a judge's erroneous refusal to let a defendant testify and present a defense could ever be harmless, but if it could, nothing suggests it was. Accordingly, we hold the State has not shown beyond a reasonable doubt that the error did not contribute to appellant's conviction. *See* TEX.R.APP.P. 44.2(a).

### 3. The Remedy

Appellant prays that we reverse and remand. We are guided, however, by Rule of Appellate Procedure 44.4:

**44.4 Remedial Error of the Trial Court**

(a) *Generally.* A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:

(1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and

(2) the trial court can correct its action or failure to act.

(b) *Court of Appeals Direction if Error Remedial.* If the circumstances de-scribed in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

TEX.R.APP.P. 44.4. This error falls under that rule. The rules concerning judgments allow us to "make any other appropriate order that the law and the nature of the case require." TEX.R.APP.P. 43.6. Abatement is such an option here.

"The Texas appellate courts increasingly limit the remedy of reversal to those situations in which it is necessary. Pursuant to this approach, the courts make increasing use of abatement of the appeal and remand of the case to the trial court for limited purposes." 43 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE & PROCEDURE, § 43.341, 284 (1995). "[T]he Courts of Appeal undoubtedly have similar and probably more extensive authority under [rule 43.6's predecessor's] further authorization to 'make any other appropriate order, as the law and the nature of the case may require.' " *Id.*, § 43.343, at 286.

■ We hold abatement is the proper remedy here, as it is in the following analogous situations: (1) for a *Jackson–Denno*[2] hearing on a confession's voluntariness, when trial judge denied the defendant's request to hold the hearing outside the jury's presence;[3] (2) for a *Batson*[4] hearing that was never held;[5] (3) for a hearing on the defendant's competency to stand trial,

---

ted before the jury without the necessity of repeating those objections.
TEX.R.EVID. 103(a)(1).

**2.** *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

**3.** *See Avila v. State*, 856 S.W.2d 260, 261–62 (Tex.App.—El Paso 1993, order, pet. ref'd); *Mayfield v. State*, 821 S.W.2d 357, 358–59 (Tex.App.—Houston [14th Dist.] 1991, order on reh'g), *disp. on merits*, 828 S.W.2d 568 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd); *Doby v. State*, 681 S.W.2d 759, 759–60, 764 (Tex.App.—Houston [14th Dist.] 1984, or-der); *see also Payne v. State*, 802 S.W.2d 686, 688 (Tex.Crim.App.1990) (citing *Doby* while noting in dicta that abatement and remand "might be appropriate" if such hearing had erroneously been denied); *Burnett v. State*, 754 S.W.2d 437, 446 (Tex.App.—San Antonio 1988, pet. ref'd) (noting court had previously abated same appeal for *Jackson–Denno* hearing).

**4.** *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

**5.** *See, e.g., Trevino v. State*, 841 S.W.2d 385, 387 (Tex.Crim.App.1992) (order).

when such a hearing was not held; [6] (4) for an offer of proof or bill of exception, when the trial judge precluded the defendant from making same; [7] (5) for a *Barfield*[8] (speedy-trial-violation) hearing, when the record did not clearly show what transpired or whether evidence was taken at the original hearing; [9] (6) for a *Barfield* hearing, when the trial judge held that hearing without the defendant's or counsel's presence; [10] (7) for a timely requested new-trial hearing that the defendant was improperly denied; [11] (8) for a new-trial hearing, when the defendant was improperly denied counsel at the original hearing; [12] (9) for an out-of-time new-trial hearing, when the record affirmatively shows the defendant had no counsel for much of the time in which to file a new trial motion; [13] (10) for a hearing on the feasibility of holding a "retrospective" new-trial hearing, when no hearing was originally held on the defendant's new-trial motion; [14] (11) for a hearing on recusal motions that were improperly denied summarily; [15] and (12) for a hearing on harm from the erroneous denial of a motion to quash the indictment.[16]

Accordingly, we **abate** the appeal and **remand** the cause for a new hearing on appellant's motion to suppress.

The parties' attorneys are directed to contact the trial court coordinator to set the hearing date and to notify all parties and the court reporter of such date. Absent a request by either party, the trial court coordinator is directed to set the hearing date and notify the parties of such date. The hearing shall be set for a date no later than 30 days after the date of this order. The trial court coordinator shall advise the Clerk of this Court of the hearing date as soon as it is set.

The trial judge shall have a court reporter record the hearing. A supplemental record from the suppression hearing

6. *See, e.g., Casey v. State,* 924 S.W.2d 946, 949 (Tex.Crim.App.1996) (vacating and remanding with instructions for the appellate court to abate for same); *Schaffer v. State,* 583 S.W.2d 627, 631 (Tex.Crim.App.1979) (order on reh'g); *see also Barber v. State,* 737 S.W.2d 824, 828–29 (Tex.Crim.App.1987) (order abating and remanding for jury to be empaneled for competency determination).

7. *See Spence v. State,* 758 S.W.2d 597, 599–600 (Tex.Crim.App.1988).

8. *Barfield v. State,* 586 S.W.2d 538, 542 (Tex. Crim.App.1979).

9. *See Taylor v. State,* 745 S.W.2d 321, 322–23 (Tex.Crim.App.1987) (reversing and remanding with instructions for the appellate court to abate for same). While petition for review was eventually dismissed on rehearing in *Taylor* as moot because the Court had held the Speedy Trial Act unconstitutional in the interim, the Court did not withdraw the original opinion cited here. *See id.* at 326 (op. on reh'g).

10. *See Riggall v. State,* 590 S.W.2d 460, 463 (Tex.Crim.App.1979) (order on reh'g).

11. *See Green v. State,* 754 S.W.2d 687, 688 (Tex.Crim.App.1988), *overruled on other grounds, Carranza v. State,* 960 S.W.2d 76, 80 n. 6 (Tex.Crim.App.1998); *McIntire v. State,*

698 S.W.2d 652, 661, 662 (Tex.Crim.App. 1985) (first remanding for new-trial hearing; then, on rehearing, remanding to appellate court for abatement to determine that hearing's feasibility, to be followed by new-trial hearing if such was determined feasible); *Torres v. State,* 4 S.W.3d 295, 297–98 (Tex.App.— Houston [1st Dist.] 1999, order).

12. *See, e.g., Trevino v. State,* 565 S.W.2d 938, 941 (Tex.Crim.App.1978) (vacating and remanding, and giving rationale that hearing was not part of trial itself). *See* 43 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE & PROCEDURE, § 43.344, 286 (1995) ("*Trevino* suggests that abatement and remand is appropriate if the error occurred in proceedings not part of the trial proper.").

13. *See Massingill v. State,* 8 S.W.3d 733, 738–39 (Tex.App.—Austin 1999, order, pet. ref'd) (explaining *Oldham v. State,* 977 S.W.2d 354 (Tex.Crim.App.1998)).

14. *See McIntire v. State,* 698 S.W.2d at 662 (op. & order on reh'g).

15. *See Sanchez v. State,* 926 S.W.2d 391, 396 (Tex.App.—El Paso 1996, order, pet. ref'd).

16. *Janecka v. State,* 739 S.W.2d 813, 842 (Tex. Crim.App.1987) (order on reh'g).

and the trial judge's related findings of fact and conclusions of law, if any, shall be sent to this Court no later than 60 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. It will be reinstated when the supplemental record is filed here. The Court will also consider an appropriate motion to reinstate the appeal filed by either party. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

It is so **ORDERED.**