**AFFIRMED as MODIFIED; and Opinion Filed June 28, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-00755-CR**
**No. 05-11-00756-CR**

**THERON LECINQ LACEY, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F08-20873-S, F09-61076-S**

## MEMORANDUM OPINION

Before Chief Justice Wright[1] and Justices Lang-Miers and Fillmore
Opinion by Justice Lang-Miers

Appellant Theron Lecinq Lacey, Jr. appeals from two convictions for aggravated robbery

with a deadly weapon. In one issue on appeal, appellant argues that the trial court violated his

constitutional privilege against self-incrimination by allowing the State to read into evidence a

portion of appellant's testimony during the punishment phase of a previous trial on another

charge. We modify the trial court's judgments to correct clerical errors and affirm as modified.

---

[1] Due to the retirement of the Honorable Mary Murphy from this Court on June 7, 2013, Chief Justice Carolyn Wright participated in the issuance of this Memorandum Opinion. *See* TEX. R. APP. P. 41.1(a).

BACKGROUND

Appellant was charged by indictment with two aggravated robberies with a deadly weapon. One offense involved the aggravated robbery of the owner of a wine and beer store. The second offense involved the aggravated robbery of an employee of a tobacco shop. Appellant pleaded not guilty to both offenses and they were tried together to a jury. During the trial, the State offered into evidence a portion of appellant's testimony from the punishment phase of a previous trial where he was convicted of aggravated robbery. In that previous testimony, appellant waived his privilege not to testify and testified on his own behalf seeking leniency from the jury. As part of his testimony in that earlier trial, he confessed to the two offenses charged here. The defense objected in this trial that admitting that testimony would abridge appellant's Fifth Amendment privilege under the United States Constitution.

In response to the objection, and after asking the State about the applicability of the limited purpose doctrine, the trial judge stated that he had compared *Simmons v. United States*, 390 U.S. 377, 394 (1968), and *Crosson v. State*, 36 S.W.3d 642, 643–45 (Tex. App.—Houston [1st Dist.] 2000, no pet.), with *Ramirez v. State*, 74 S.W.3d 152, 154–56 (Tex. App.—Amarillo 2002, pet. ref'd). The court further stated that "in Ramirez defendant testified at a probation revocation hearing and the court of criminal appeals later opined that [rule of evidence 801(e)(2)(A)] would allow the introduction of those statements at the probation revocation." The court concluded that "in this case the situation is analogous" because "the punishment portion" of the previous trial involving appellant "is similar to the probation revocation." The court ruled that appellant's testimony at the punishment phase of the previous trial was admissible under rule of evidence 801(e)(2)(A). *See* TEX. R. EVID. 801(e)(2)(A). The defense responded that the court's ruling that the prior testimony was admissible under rule 801(e)(2)(A) was an "evidentiary analysis" and "improper" and that the proper analysis was a constitutional analysis

based on the Fifth Amendment to the United States Constitution as applicable to the states through the Fourteenth Amendment. The court then responded that, although "it would appear on its face that it is simply an evidentiary argument[,]" the court had "looked at it from both sides" and "looked at it in the context under the limited purpose doctrine[.]" The defense then argued that the limited purpose doctrine "is still a valid consideration and valid analysis of a situation such as this[.]" The defense asserted that "at the point in time that the defendant testified in the last proceeding he had no motive to fully expand and develop the testimony on these other issues, he was simply up there, as the Court said, in an effort to try to mitigate his punishment." The defense contended that appellant's previous testimony had not been "fully developed, fully adduced and cross examined" and argued that admission "would be wholly improper." The court overruled the defense's objection, allowed the defense a continuing objection, and allowed the State to read the testimony into the record.

In the testimony from the punishment phase of the previous trial, appellant admitted that he "went into the Pipe[ D]reams and demanded money" with a gun and, although he did not intend to shoot the person who worked there, he "did shoot at him[.]" He also testified that, two days earlier, he "went in that wine store and . . . pulled that gun" "at a woman by herself" and "demanded her livelihood and her money[.]"

The jury convicted appellant of both offenses, and the court set his punishment at thirty-years' imprisonment for the first offense and seventy-five years' imprisonment for the second offense. On appeal, appellant argues that the trial court violated his constitutional privilege against self-incrimination by allowing the State to read into evidence portions of his testimony from the punishment phase of the previous trial.[2]

---

[2] The State contends that, as of the date the State filed its brief, the clerk's record for appellate case number 05-11-00756-CR did not contain a certification of appellant's right to appeal and that appellant's appeal of that cause must be dismissed if the certification is not part of

## STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision to admit evidence for an abuse of discretion. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). We will uphold a trial court's decision to admit evidence when it is reasonably supported by the record and correct under any theory of law applicable to the case. *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).

Hearsay is a statement, other than one made by the declarant while testifying at trial or hearing, that is offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Hearsay statements are not admissible except as provided by statute, the rules of evidence, or a rule prescribed pursuant to statutory authority. TEX. R. EVID. 802. However, a statement is not hearsay if it is offered against a party and is the party's own statement. TEX. R. EVID. 801(e)(2)(A); *see Trevino v. State*, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999).

Under the Fifth Amendment to the United States Constitution—which is binding on the states through the Fourteenth Amendment—and a parallel provision in the Texas Constitution, a person has the privilege to avoid self-incrimination and shall not be compelled to give evidence against himself. *Chapman v. State*, 115 S.W.3d 1, 5 (Tex. Crim. App. 2003); *Reese v. State*, 877 S.W.2d 328, 335 (Tex. Crim. App. 1994). But a person may waive this constitutional privilege if he does so voluntarily, knowingly, and intelligently. *Brumfield v. State*, 445 S.W.2d 732, 735 (Tex. Crim. App. 1969). "And it is well established that when an accused voluntarily takes the stand he waives his privilege against self-incrimination." *Id.*

## ADMISSION OF PREVIOUS TESTIMONY

Appellant argues that the trial court violated his privilege against self-incrimination by admitting the testimony he gave at the punishment phase of the previous trial because "the

<hr>

the record. *See* TEX. R. APP. P. 25.2(d). But after the State filed its brief, the trial court clerk submitted a supplemental clerk's record containing the certification. *See* TEX. R. APP. P. 34.5(c).

–4–

testimony was given for a limited purpose in the prior proceeding" "in order to mitigate the punishment *in that case*." The State argues that the trial court did not violate appellant's privilege against self-incrimination because appellant waived this privilege when he voluntarily took the stand and testified in his prior trial. We agree with the State.

Appellant argues that the limited purpose doctrine supports his position. That doctrine, established by *Simmons*, 390 U.S. at 394, and other state and federal cases, "was formulated so that an accused is not required to surrender one constitutional right in order to gain the benefit of another." *Nelson v. State*, 765 S.W.2d 401, 403 (Tex. Crim. App. 1989). Specifically, *Simmons* held that when a defendant testified to support a motion to suppress evidence based on the Fourth Amendment, his testimony was not later admissible against him on the issue of guilt unless he did not object to its admission. *Simmons*, 390 U.S. at 394; *see Crosson*, 36 S.W.3d at 645 (citing *Simmons* and concluding that ruling during suppression hearing "was constitutional error because a defendant cannot be made to give up one constitutional right in order to assert another"). But the present case, unlike *Simmons* and similar cases, does not involve the accused surrendering the constitutional privilege not to testify to assert another constitutional right. *See Nelson*, 765 S.W.2d at 402–03 (concluding that "the 'limited purpose' doctrine of *Simmons* and like decisions, state and federal, may well be inapposite" to issue of whether accused's testimony in preliminary hearing out of jury's hearing during guilt/innocence stage was properly admissible during punishment stage and discussing the doctrine's purpose of allowing an accused to avoid surrendering one constitutional right to assert another); *Anderson v. State*, 659 S.W.2d 932, 935 (Tex. App.—Fort Worth 1983, no pet.) (comparing *Simmons* and concluding that questions on cross-examination did not violate the Fifth Amendment and that "this is not a situation where appellant was compelled to surrender one constitutional right in order to assert another constitutional right").

Rather, as the trial court recognized, the present case is analogous to *Ramirez*, 74 S.W.3d at 154–56. Ramirez committed an offense while he was on probation for a prior offense. *Id.* at 154. After his arrest for the later offense, the State filed a motion to revoke Ramirez's probation. At the probation revocation hearing, Ramirez testified in his own defense about the new offense. *Id.* At the subsequent and separate trial for the later offense, the court admitted Ramirez's testimony from the probation revocation hearing. *Id.* Ramirez argued on appeal that the trial court erred in admitting his testimony from the probation revocation hearing under the hearsay exception in rule of evidence 801(e)(2)(A) without considering how its admission violated his privilege against self-incrimination under the United States and Texas Constitutions. *Id.* The appellate court concluded that the statements were not hearsay under rule of evidence 801(e)(2)(A) and that admission of the statements did not violate the appellant's privilege against self-incrimination. *Id.* at 155–56. The court held that the cases Ramirez cited, including *Crosson*, 36 S.W.3d at 645, were distinguishable and that Ramirez did "not cite any cases that involve the admission of testimony from a prior revocation hearing where a defendant voluntarily testified on his own behalf and we have found none." *Ramirez*, 74 S.W.3d at 155–56. The court concluded that, when Ramirez voluntarily testified in his defense at the probation revocation hearing, he waived his privilege against self-incrimination and the trial court did not err by admitting that testimony. *Id.* at 156; *see also Chavez v. State*, 508 S.W.2d 384, 386 (Tex. Crim. App. 1974) ("[A]n accused, taking the stand on his own behalf, waives the [Fifth Amendment] privilege, so that his testimony may be used against him at a subsequent trial of the same case."); *Wallace v. State*, 707 S.W.2d 928, 934 (Tex. App.—Texarkana 1986), *aff'd on other grounds*, 782 S.W.2d 854 (Tex. Crim. App. 1989) (same). *But see Nelson*, 765 S.W.2d at 409 (Teague, J., concurring) (criticizing *Chavez*). We conclude that the trial court did not err in

admitting the testimony appellant gave at the punishment phase of the prior trial. We resolve appellant's sole issue against him.

### MODIFICATION OF JUDGMENTS

The trial court's judgment in case number 05-11-00756-CR is entitled "Judgment of Conviction by Court—Waiver of Jury Trial" and indicates that appellant pleaded guilty and that the terms of plea bargain were open. The record indicates, however, that appellant pleaded not guilty, his case was tried to a jury, and no plea bargain was involved. In addition, the judgments in case number 05-11-00755-CR and case number 05-11-00756-CR misspell appellant's name. We conclude that these items reflected in the trial court's written judgments were clerical errors.

This Court has the power to modify incorrect judgments to make the record speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). And our authority to modify incorrect judgments "is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Asberry*, 813 S.W.2d at 529–30.

We modify the trial court's judgment in case number 05-11-00756-CR to indicate that the judgment was by conviction of a jury, that appellant's plea to the offense was not guilty, and that the verdict of the jury was guilty, to delete reference to a plea bargain, and to correctly spell appellant's name as Theron Lecinq Lacey, Jr. We also modify the trial court's judgment in case number 05-11-00755-CR to likewise correctly spell appellant's name.

**CONCLUSION**

We resolve appellant's sole issue against him, modify the trial court's judgments, and affirm the trial court's judgments as modified.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47

110755F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THERON LECINQ LACEY, JR., Appellant

No. 05-11-00755-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F08-20873-S.
Opinion delivered by Justice Lang-Miers, Chief Justice Wright and Justice Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> We **MODIFY** the trial court's judgment to correctly spell appellant's name Theron Lecinq Lacey, Jr.

As **MODIFIED**, the judgment is **AFFIRMED**.


Judgment entered this 28th day of June, 2013.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THERON LECINQ LACEY, JR., Appellant

No. 05-11-00756-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F09-61076-S.

Opinion delivered by Justice Lang-Miers, Chief Justice Wright and Justice Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> We **MODIFY** the trial court's judgment to indicate that the judgment was by conviction of a jury, that appellant's plea to the offense was not guilty, and that the verdict of the jury was guilty, to delete reference to a plea bargain, and to correctly spell appellant's name as Theron Lecinq Lacey, Jr.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 28th day of June, 2013.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

–10–