# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-15-00105-CR

**Justin Murphy, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY
### NO. C-1-CR-07-200104, HONORABLE JON N. WISSER, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Appellant Justin Murphy filed a petition for writ of habeas corpus in the trial court below, alleging ineffective assistance of counsel in the proceedings preceding his 2007 conviction for the misdemeanor offense of driving while intoxicated. The trial court conducted an evidentiary hearing, made findings of fact and conclusions of law, and denied relief. This appeal followed.

On the date appellant's brief was due, counsel for Murphy filed a motion to remand the cause to the trial court to conduct further evidentiary hearings. The basis for counsel's request is his dissatisfaction with the lower court's finding that Murphy's trial counsel from the 2007 case, who testified during the evidentiary hearing, was a credible witness. In counsel's view, "[t]here is no evidence in the record to overturn the credibility finding of the trial court on appeal and the only

way for Applicant to prosecute his writ would be to establish more evidence regarding credibility in the trial court." According to counsel, this additional evidence would include prior testimony from Garet Johnson, an individual who raised a similar claim against the same trial counsel in a separate proceeding.[1] In other words, counsel wants us to remand this case so that the trial court may reconsider its credibility finding in light of the record in the *Johnson* case.[2]

In certain cases in which the existing evidentiary record is inadequate to decide an issue on appeal, this Court has the authority to abate the appeal and remand the case to the trial court to conduct further evidentiary hearings.[3] However, no such circumstances are present here. Accordingly, we deny Murphy's motion to remand.

As an alternative to remand, counsel for Murphy asks us to dismiss the appeal, stating that "without further evidence there is no basis for appeal." However, counsel's motion is not signed by appellant, which is a prerequisite for dismissing an appeal in a criminal case on appellant's motion.[4] Accordingly, we deny the motion to dismiss. We order counsel to file either a motion to

---

[1] *See Ex parte Johnson*, No. 03-13-00726-CR, 2015 Tex. App. LEXIS 7770 (Tex. App.—Austin July 29, 2015, no pet. h.) (mem. op., not designated for publication) (affirming trial court's denial of habeas relief involving similar ineffective-assistance-of-counsel claim).

[2] We note that Murphy's current counsel, Adam Reposa, is the same attorney who represented Johnson in that proceeding.

[3] *See, e.g.*, *Barton v. State*, 21 S.W.3d 287 (Tex. Crim. App. 2000) (authorizing appellate court to abate and remand for hearing on proper amount of restitution); *Hutchinson v. State*, 86 S.W.3d 636, 639-40 (Tex. Crim. App. 2002) (authorizing appellate court to abate and remand for further *Batson* hearings when necessary); *see also Crosson v. State*, 36 S.W.3d 642, 647-48 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (listing situations in which abatement and remand for further evidentiary hearings is authorized).

[4] *See* Tex. R. App. P. 42.2(a) ("The appellant and his or her attorney must sign the written motion to dismiss. . . .").

2

dismiss that complies with the rules or appellant's brief, which is now overdue, no later than December 28, 2015.[5]

It is ordered on November 24, 2015.

Before Justices Puryear, Pemberton, and Bourland

Do Not Publish

---

[5] If counsel believes the appeal to be frivolous, he should file a brief pursuant to *Anders v. California*. *See* 386 U.S. 738 (1967); *see also Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).