**Opinion filed November 8, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00324-CR

_____

## NATHANIEL OLIVAS, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-44,614**

### MEMORANDUM OPINION

Nathaniel Olivas entered an open plea of guilty to the first-degree felony offense of aggravated assault of a public servant. *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B) (West 2011). The jury convicted him of the offense, as instructed by the trial court, and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of seventy-five years. Appellant presents two issues on appeal. We affirm.

*Background Facts*

On the night of December 8, 2014, Appellant and his friends drove through residential neighborhoods in Odessa, Texas. Appellant testified that he planned to

ride around town and steal whatever he could find. He had consumed approximately eight to ten Xanax pills, and he was carrying a gun. Appellant and his friends stole a variety of items from parked vehicles, including guns, clothing, and unopened Christmas presents.

Later that night, Odessa Police Officer Anthony Rossman responded to a call about a suspicious vehicle. He pulled over the car carrying Appellant and his friends. Appellant jumped out of the passenger side of his friend's car and fled on foot as Officer Rossman approached. Officer Rossman chased Appellant and commanded him to stop. During this foot pursuit, Appellant ran across a yard, hurdled a fence, and ran down an alley to hide. In the alley, Appellant fell to the ground.

With Officer Rossman still in pursuit, Appellant propped himself up, pointed his gun at Officer Rossman, and fired two shots. One of the shots hit Officer Rossman just below his left knee. Officer Rossman then immediately ran for cover, and Appellant ran away. Appellant was eventually arrested by other officers and gave a full confession.

At Appellant's punishment trial, the State called Corina Ramirez, an employee of the Ector County Sheriff's Department, as a witness. Upon calling Ramirez as a witness, the State immediately asked to approach the bench, and the trial court excused the jury. At a hearing outside the jury's presence, the State explained that it had called Ramirez to testify about a conversation she overheard between Appellant and another inmate, James Render, shortly after their arraignments. Ramirez's job duties included escorting inmates to court for arraignment. According to Ramirez, Render told Appellant: "You should have shot that m----r f----r in the head," referring to Officer Rossman. In response, Appellant stated: "I would have if I had a better aim. But when I shot him, he started running like a little b---h." Ramirez did not hear anything else from their conversation.

2

Before Ramirez testified, Appellant objected to her testimony. Appellant argued that the statement made by Render was hearsay and that its admission violated the Confrontation Clause. The trial court agreed and ruled that Ramirez could not testify as to what Render had told Appellant. However, the trial court permitted the State to ask Ramirez what she heard Appellant say in response to Render's comment. In response to the trial court's ruling, Appellant objected under Rule 403, asserting that the admission of only his statement in response to Render's question would confuse the jury and result in unfair prejudice. *See* TEX. R. EVID. 403.

Additionally, Appellant argued that this evidentiary ruling forced him to make a "Hobson's choice" of either waiving his constitutional rights under the Fifth Amendment or waiving his constitutional rights under the Sixth Amendment.[1] Specifically, Appellant asserts that the trial court's ruling placed him in the untenable position of having to either explain his statement, thereby waiving his Fifth Amendment privilege, or having to ask about Render's statement by cross-examining Ramirez, thereby waiving his Sixth Amendment privilege. The trial court overruled Appellant's Rule 403 objection. Appellant asserts that the trial court violated his due process rights by overruling his Rule 403 objection.

*Analysis*

Appellant asserts two interrelated issues on appeal. Both of Appellant's issues arise from the trial court overruling his Rule 403 objection. In his first issue, he asserts that the trial court's ruling violated his due process rights. In his second issue, Appellant contends that the trial court abused its discretion when it failed to exclude his out-of-court statement to Render under Rule 403. We will first address Appellant's second issue.

---

[1] A Hobson's Choice is "a choice with the appearance of several options, but [there is] really only one option." *Tutt v. State*, 339 S.W.3d 166, 174 (Tex. App.—Texarkana 2011, pet. ref'd).

We review a trial court's ruling under Rule 403 for an abuse of discretion. *Pawlak v. State*, 420 S.W.3d 807, 810 (Tex. Crim. App. 2013). This standard requires an appellate court to uphold a trial court's evidentiary ruling when it is within the zone of reasonable disagreement. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). We will uphold the trial court's ruling on the admission or exclusion of evidence if the ruling was proper under any legal theory or basis applicable to the case. *See Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002).

Under Rule 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay or needless presentation of cumulative evidence. TEX. R. EVID. 403; *see Young v. State*, 283 S.W.3d 854, 874 (Tex. Crim. App. 2009). "Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002); *Render v. State*, 347 S.W.3d 905, 921 (Tex. App.—Eastland 2011, pet. ref'd). Evidence is unfairly prejudicial when it has the undue tendency to suggest an improper basis for reaching a decision. *Reese v. State*, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000); *Render*, 347 S.W.3d at 921.

In reviewing a trial court's determination under Rule 403, a reviewing court is to reverse the trial court's judgment "rarely and only after a clear abuse of discretion." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (quoting *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex. Crim. App. 1991)). When conducting a Rule 403 analysis, the trial court must balance:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest [a] decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main

4

issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). Rule 403, however, does not require that the balancing test be performed on the record. *Greene v. State*, 287 S.W.3d 277, 284 (Tex. App.—Eastland 2009, pet. ref'd). In overruling a Rule 403 objection, the trial court is assumed to have applied a Rule 403 balancing test and determined that the evidence was admissible. *Id.*

Appellant asserts that, without any contextual facts explaining his statement to Render, the danger of unfair prejudice inherent in the statement and confusion of the issues substantially outweighed his statement's probative value. With respect to the statement's probative value, we note that the statement was offered during punishment. At the punishment phase of trial, there are no discrete factual issues; rather, deciding what punishment to assess is a normative process. *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999) (citing *Miller-El v. State*, 782 S.W.2d 892, 895–96 (Tex. Crim. App. 1990)). "[A]dmissibility of evidence at the punishment phase of a non-capital felony offense is a function of policy rather than relevancy." *Miller-El*, 782 S.W.2d at 895. The jury is entitled to consider "any matter the court deems relevant to sentencing." Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2018). These matters include the defendant's character and the circumstances of the offense for which he is being tried. *Id.* "Nevertheless, admissibility of punishment-phase evidence that the trial court deems relevant is still subject to a Rule 403 analysis." *Rodriguez v. State*, 163 S.W.3d 115, 119 (Tex. App.—San Antonio 2005) (citing *Rogers*, 991 S.W.2d at 266–67), *aff'd*, 203 S.W.3d 837 (Tex. Crim. App. 2006).

Pursuant to the trial court's evidentiary ruling, the State questioned Ramirez in the jury's presence about Appellant's statement. Ramirez testified that she heard Appellant say: "[I] would have, if [I] had had a better aim, but when [I] started shooting him, he started running like a little b---h." Appellant contends that this statement alone, without Render's initial comment to Appellant, is devoid of any context and, thus, that its probative value is "weak." Appellant asserts that his statement was not probative of any issues the jury could consider in determining an appropriate sentence and was unfairly prejudicial. We disagree.

Evidence pertaining to the accused's "personal responsibility" and "moral culpability" for the crime charged is admissible at punishment. *See Stavinoha v. State*, 808 S.W.2d 76, 79 (Tex. Crim. App. 1991) (per curiam). Appellant's statement, as relayed through Ramirez, was probative of Appellant's knowledge of the shooting, personal responsibility, and moral culpability. Although the jury did not know to whom Appellant communicated this statement and in what specific context, the statement alone is probative of Appellant's apparent lack of remorse for shooting Officer Rossman.

Further, Appellant's statement of wishing he had better aim and how Officer Rossman reacted to his gunfire were relevant to his personal responsibility, moral culpability, and lack of remorse. Thus, we disagree with Appellant's contention that this evidence caused the jury to decide his punishment on an improper basis. Rather, Appellant's statement aided the jury in gauging his moral blameworthiness in order to assess his punishment. Furthermore, the record does not reflect that Appellant's statement consumed an inordinate amount of time to present or repeated evidence already admitted. Accordingly, we conclude that the trial court did not abuse its discretion by overruling Appellant's Rule 403 objection to Ramirez's testimony about the statement Appellant made to Render. We overrule Appellant's second issue.

In his first issue, Appellant contends that the trial court violated his due process rights by overruling his Rule 403 objection. Specifically, Appellant claims that the trial court's ruling forced him into having to choose between the following options: (1) cross-examining Ramirez about Render's initial statement, thereby waiving his Sixth Amendment right to confront Render; or (2) testifying about his statement to Render to provide context for the statement, thereby requiring him to waive his Fifth Amendment right against self-incrimination. Appellant asserts that either choice would result in a compelled waiver of one of his fundamental constitutional rights.

With respect to our disposition of Appellant's first issue, we have determined that the trial court did not err in overruling Appellant's Rule 403 objection. In *Caston v. State*, the First Court of Appeals noted that the safeguards of Rule 403 serve to protect a defendant's due process rights because it "ensure[s] that potentially devastating evidence of little probative value will not reach the jury." 549 S.W.3d 601, 610 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (quoting *United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001)). Thus, with respect to the admissibility of evidence, so long as the evidence is subject to a Rule 403 analysis, the right to a fair trial remains adequately safeguarded. *Id.* at 610. We conclude that Appellant's due process rights were not violated because the trial court considered Appellant's Rule 403 objection and then entered a ruling on it, which we have determined was not erroneous.

Furthermore, Appellant did not make either of the two choices he argued he was forced to make after the trial court overruled his Rule 403 objection. After the trial court overruled his Rule 403 objection, Appellant stated that he would be forced to cross-examine Ramirez about Render's statement to Appellant. But when the opportunity arose, Appellant chose not to cross-examine Ramirez. Additionally, although Appellant did testify at his punishment trial, he did not address or provide

any context to his own statement during his direct examination. Nor did Appellant provide context to his statement on cross-examination when questioned about it by the prosecutor. Rather, he simply denied that he ever made the statement, and he stated that he did not think Ramirez was telling the truth when asked by the prosecutor about his opinion on her veracity. Thus, Appellant did not make either choice that he claims deprived him of a fair trial.

Moreover, the trial court's ruling on Appellant's Rule 403 objection was not the kind of ruling that required Appellant to make a choice between constitutional rights. *See generally Simmons v. United States*, 390 U.S. 377, 393–94 (1968); *Crosson v. State*, 36 S.W.3d 642, 645 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). In *Crosson*, for example, the defendant sought to challenge the search of his vehicle under the Fourth Amendment in a suppression hearing, but he did not want to completely waive his Fifth Amendment right against self-incrimination. *Crosson*, 36 S.W.3d at 645. Because the defendant did not completely waive his Fifth Amendment right, the trial court did not permit him to testify in support of his suppression motion. *Id.* On appeal, the court concluded that this was "constitutional error because a defendant cannot be made to give up one constitutional right [the Fifth Amendment right against self-incrimination] in order to assert another [the Fourth Amendment right against illegal search and seizure]." *Id.*

Contrary to the situation in *Crosson*, Appellant was not forced to make a similar choice. In particular, Appellant was not forced to waive his Fifth Amendment right to assert his Sixth Amendment right. Nor was Appellant required to waive his Sixth Amendment right to assert his Fifth Amendment right. Instead, Appellant was simply presented with a difficult choice to make with respect to his Fifth Amendment right against self-incrimination.

The Texas Court of Criminal Appeals addressed a similar situation in *Cantu v. State*, 738 S.W.2d 249, 255–56 (Tex. Crim. App. 1987). The defendant in *Cantu*

was faced with a "difficult choice" at his punishment trial: Should he testify in rebuttal to the State's evidence that he had shot a police officer and be subject to cross-examination, thereby waiving his right against self-incrimination on all relevant issues, knowing some unfavorable evidence might result from cross-examination; or should he retain that right and not put his version of some aspect of the case before the jury? *Id.* at 256. The court stated:

> This difficult decision does not impose an impermissible burden upon the exercise [of] Fifth Amendment rights. No constitutional violation is presented by the fact of a difficult decision for a defendant. Appellant's due process rights are not violated. He must weigh the benefits of presenting his case against the detrimental possibilities that cross-examination on all relevant issues might present.

*Id.* Accordingly, the trial court's ruling on Appellant's Rule 403 objection did not violate Appellant's due process rights. We overrule Appellant's first issue.

### *This Court's Ruling*

We affirm the judgment of the trial court.

November 8, 2018                                           JOHN M. BAILEY

Do not publish. *See* TEX. R. APP. P. 47.2(b).          CHIEF JUSTICE

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[2];
and Wright, S.C.J.[3]

Willson, J., not participating.

---

[2]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.