

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

No. 02-20-00140-CR
No. 02-20-00149-CR

JAMES CALVIN MASSEY, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court Nos. 1572638D, 1632168D

---

## ORDER

On October 4, 2021, we abated the appeal, remanded the case to the trial court, and directed the trial court to prepare and file findings of fact and conclusions of law.

On October 6, 2021, the trial court sent a letter to this court requesting clarification of the reason for the abatement and the matters upon which the findings and conclusions should be based.

The parties' briefs on appeal pose a number of issues concerning suppression that would benefit from written findings of fact and conclusions of law. To wit, the

State has argued for the first time on appeal that Appellant consented to the search of his person at first but revoked his consent shortly thereafter. "The validity of a consent to search is a question of fact to be determined from all the circumstances." *Meekins v. State*, 340 S.W.3d 454, 458 (Tex. Crim. App. 2011). It is the trial court's right, not this court's right, to pass on questions of fact. The trial court should also have the opportunity to clarify its other findings and conclusions in the case with respect to whether the detention of Appellant was proper, whether the protective frisk of Appellant was proper, whether any taint from any prior illegality was attenuated, whether the contraband was found in plain sight, and any other suppression-related matters that the trial court may deem essential.[1] *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). The trial court's assistance in this matter is appreciated.

This court's October 4, 2021 order remains in effect as clarified.

Dated October 7, 2021.

---

[1]The basis for the abatement is this court's inherent authority and Texas Rule of Appellate Procedure 43.6, which provides, "The court of appeals may make any other appropriate order that the law and the nature of the case require." Tex. R. App. P. 43.6; *see Crosson v. State*, 36 S.W.3d 642, 647–48 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (exploring this authority and collecting a dozen scenarios when it has been applied to abate the case pending further trial court action); *see, e.g., Hall v. State*, No. AP-77,072, 2017 WL 4162119, at *1 (Tex. Crim. App. Sept. 20, 2017) (not designated for publication) (abating sua sponte and remanding for the entry of findings of fact and conclusions of law); *Ex parte Luna*, No. WR-67,880-01, 2010 WL 4816301, at *1 (Tex. Crim. App. Nov. 24, 2010) (not designated for publication) (same).

Per Curiam