Foster v. State

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-204-CR

DEWAYNE MONTRELL FOSTER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Dewayne Montrell Foster appeals from his convictions for assault on a public servant.  In two issues, appellant challenges the legal sufficiency of the evidence to support his convictions and complains that the trial court violated his constitutional rights by improperly limiting the defense’s cross-examination of one of the complaining witnesses.  We affirm.

In his first issue, appellant contends that there is no evidence to support the State’s allegation in count one of the indictment that he intentionally, knowingly, or recklessly caused bodily injury to Officer Phillip Rice by “striking . . . Rice about the body and/or causing . . . Rice to strike the wall.”  Appellant asserts that there is a fatal variance between this allegation and the proof offered at trial because the only injury for which Rice sought medical treatment was a wrist injury, and Rice acknowledged that he did not know how his wrist became injured during his struggle with appellant. 

Rice further testified, however, that during his confrontation with appellant, appellant punched him in the rib cage on his left side and in the left shoulder area.  In addition, Rice testified that, while he had appellant in a bear hug, appellant took several steps backward and forced both men over a dresser and into a wall-mounted mirror.  Rice testified that he experienced pain both as a result of appellant hitting him and as a result of appellant causing him to strike the wall.  Bodily injury includes physical pain.
(footnote: 2) 
 Accordingly, we hold that the evidence is legally sufficient
(footnote: 3) to show that appellant intentionally, knowingly, or recklessly caused Rice bodily injury.  We overrule appellant’s first issue.

In his second issue, appellant complains that the trial court violated his Sixth Amendment right to confrontation by limiting his cross-examination of Rice.  Appellant contends that one of his defensive theories at trial was that Rice had filed the underlying assault charge to protect himself from an excessive force allegation resulting from his use of a headlock to restrain appellant.  Specifically, appellant asserts that the trial court improperly sustained the State’s speculation and relevance objections, respectively, to the following questions:

•If an officer has used excessive force when making an arrest, “can there be a motivation to make the situation worse than it was on the part of the officer to justify with internal affairs what is happening?”

•”[H]ow typically does an officer defend themselves against . . . a charge [of use of excessive force]?”

The Sixth Amendment right to confrontation
(footnote: 4) necessarily includes the right to cross-examine.
(footnote: 5)  This constitutional right is violated when appropriate cross-examination is limited.
(footnote: 6)
 We review the trial court’s exclusion of evidence under an abuse of discretion standard.
(footnote: 7)  A trial court does not abuse its discretion unless its ruling is arbitrary and unreasonable and therefore outside the zone of reasonable disagreement.
(footnote: 8)  The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.
(footnote: 9)  

Applying these principles to this case, we hold that the trial court did not abuse its discretion by sustaining the State’s speculation objection to the first question listed above.  The question did not ask whether Rice knew of any specific instances of officers embellishing the facts after using excessive force.  Therefore, the trial court reasonably could have concluded that Rice was being asked to speculate regarding whether embellishment could occur.

Likewise, the trial court reasonably could have concluded that the defense’s second question was not relevant to the issues in the case.  There is no evidence that any complaint or charge of excessive force had been filed against Rice as a result of his use of a headlock when attempting to restrain appellant.
(footnote: 10)  Further, the question did not ask Rice how he would go about preventing a charge of excessive force from being filed or whether he knew of specific instances in which other officers had sought to prevent such charges.  Thus, the question sought evidence that was not only irrelevant, but also calculated to confuse the issues and mislead the jury by injecting into the case facts regarding a completely different situation—one in which an officer 
had
 been charged with use of excessive force.
(footnote: 11)
 Accordingly, we hold that the trial court did not abuse its discretion or violate appellant’s right to confrontation by limiting the defense’s cross-examination of Rice.
(footnote: 12)  We overrule appellant’s second issue.

Having overruled both of appellant’s issues, we affirm the trial court’s judgments.

PER CURIAM

PANEL F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DAUPHINOT, J. filed a dissenting opinion.

PUBLISH

DELIVERED: October 13, 2005

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-204-CR

DEWAYNE MONTRELL FOSTER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

DISSENTING OPINION

------------

I must respectfully dissent from the majority’s holding that a trial court may limit cross-examination when the trial court believes that the defense being offered might confuse the jury.  The defense was that the arresting officer accused Appellant of assault on a public servant in order to head off an accusation that the officer used excessive force.  Appellant was clearly laying the foundation for a showing of bias or motive on the part of the officer in an attempt to impeach his testimony.  The first question may not have been artfully phrased, but, I submit, when the State asks a police officer about common police practices, the State is not asking the officer to speculate.  Just as lawyers can be asked to testify about common practices among lawyers, for example, the charging of customary and reasonable attorneys’ fees, and narcotics officers can testify about common practices of drug dealers, a police officer can be asked about common practices of police officers.  The officer can always answer that he does not know or that it is not a common practice in his experience.

Similarly, the claim that the question about how an officer defends against a claim of excessive force is irrelevant, when the entire defense is that the officer was guilty of using excessive force and arrested Appellant in a pre-emptive effort to avoid a charge against the officer, is incomprehensible.  The majority contends that because the complaint had not been filed against the officer, the defense could not argue that the officer had used excessive force.  This argument is like saying that a civil defendant cannot claim that the car he rear-ended stopped too suddenly and had no brake lights if the driver of that car did not receive a ticket.  Would the civil defendant’s attempts to show fault on the part of the plaintiff be considered “not only irrelevant, but also calculated to confuse the issues and mislead the jury by injecting into the case facts regarding a completely different situation–one in which” the other driver 
had
 been charged with stopping too suddenly and having no brake lights? 

State’s witnesses often testify about what people “typically” or “commonly” do or which evidentiary clues “typically” or “commonly” indicate that drug dealing is afoot.  Trial courts routinely allow this testimony, and appellate courts routinely approve its use.
(footnote: 1)  Surely the law governing the admissibility of evidence applies equally to both sides of the bar.

A defendant in a criminal case has to be allowed to put on his defense, and the failure to allow adequate cross-examination denies a defendant that right.
(footnote: 2)  For these reasons, I must respectfully dissent from the majority’s holding that the trial court did not err by limiting Appellant’s right to establish the foundation for his defense through cross-examination of the arresting officer.  

LEE ANN DAUPHINOT

JUSTICE

PUBLISH

DELIVERED: October 13, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Penal Code Ann.
 § 1.07(8) (Vernon Supp. 2004-05).

3:
See
 
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004) (both setting out legal sufficiency standard of review).

4:
The Confrontation Clause provides:  “In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . .”  
U.S. Const.
 amend. VI; 
see Crawford v. Washington,
 541 U.S. 36, 42, 124 S. Ct. 1354, 1359 (2004).

5:
Carroll v. State,
 916 S.W.2d 494, 497 (Tex. Crim. App. 1996).

6:
Id.

7:
Montgomery v. State,
 810 S.W.2d 372, 379 (Tex. Crim. App. 1990).

8:
Manning v. State,
 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).

9:
Id.

10:
Rice testified that he used a headlock, rather than pepper spray or his baton, because there were several small children and a baby present and the room in which the struggle took place was small and crowded with furniture. 

11:
See
 
Tex. R. Evid.
 403 (providing that even relevant evidence may be excluded if its probative value is substantially outweighed by danger of confusion of issues or misleading jury).

12:
See
 
Manning,
 114 S.W.3d at 926.

1:
See, e.g.
, 
State v. $11,014.00
, 820 S.W.2d 783, 784 (Tex. 1991); 
Guy v. State
, 160 S.W.3d 606, 611 (Tex. App.—Fort Worth 2005, pet. ref’d); 
State v. Delagarza
, 158 S.W.3d 25, 28 (Tex. App.—Austin 2005, no pet.).

2:
Fielder v. State
, 756 S.W.2d 309, 319-21 (Tex. Crim. App. 1988).

COMMENTS AND ANNOTATIONS
Comment 1:
Majority Chief Justice Cayce

Dissent Justice Dauphinot