**Opinion filed June 14, 2018**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00180-CR

_____

### KENAN RUSSELL SCHAFER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR43535**

### M E M O R A N D U M   O P I N I O N

Appellant, Kenan Russell Schafer, was charged by indictment with indecent exposure to a child (count one), criminal solicitation (count two), and indecency with a child by contact (count three). The jury convicted Appellant of indecent exposure to a child and indecency with a child by contact. The second count, criminal solicitation, was not submitted to the jury. The jury assessed punishment at eight years for the indecent-exposure count and sixteen years for the indecency count. The trial court sentenced him accordingly. On appeal, Appellant challenges the

sufficiency of the evidence and argues that his due process rights were violated, that the evidence was unduly prejudicial, and that the prosecutor's closing remarks were improper. Because the evidence was sufficient to support Appellant's convictions and because the trial court committed no reversible error, we affirm the trial court's judgment.

*Brief Facts*

The complainant, L.T., was a ten-year-old girl who lived with her mother, twin brother, and her stepfather, Appellant, in a mobile home park. Her older brother lived with them intermittently. Sometime in the spring or summer of 2012, Appellant began to tickle L.T. on her abdomen. The tickling moved to her "breast area." On five to seven occasions, L.T. would see Appellant at her bedroom window while she was changing clothes. Once, while L.T. was sitting on the couch watching television, Appellant unzipped his shorts, held a spoonful of ice cream near the tip of his exposed penis, and told L.T. to "come get it."

*Elements of the Offenses*

To prove the allegations in count one of the indictment, indecent exposure, the State was required to prove (1) with the intent to arouse and gratify his sexual desires, (2) Appellant exposed a part of his genitals to, (3) L.T., a child younger than seventeen years of age, (4) knowing that she was present.

To prove the allegations in count three of the indictment, indecency with a child by contact, the State was required to prove (1) with the intent to arouse and gratify his sexual desires, (2) Appellant touched the breast of, (3) L.T., a child younger than seventeen years of age.

*Sufficiency of the Evidence*

In a single, multifarious point, Appellant challenges both the legal and factual sufficiency of the evidence of Appellant's guilt regarding both indecent exposure to a child and indecency with a child by contact. We shall, nevertheless, address his

2

arguments in the interest of justice. We have not engaged in a separate factual sufficiency review since 2010 when the Court of Criminal Appeals instructed us in *Brooks v. State* as follows:

> *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt.[1]

Consequently, we do not consider Appellant's factual sufficiency complaint.

As we understand his remaining complaints, Appellant appears to argue that L.T. is not worthy of belief and that she testified only that Appellant touched her breast area, while the indictment alleged touching of the breast. He also argues that the evidence regarding indecent exposure is insufficient to support conviction because L.T.'s testimony differs from her mother's; her mother said Appellant exposed his penis so that L.T. could lick ice cream off it, while L.T. testified only that Appellant exposed himself. As this court has previously explained:

> It is now settled that we review the sufficiency of the evidence under the currently applicable legal sufficiency standard of review. Whether it is denominated as a legal or factual challenge, we review the challenge under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).
>
> The standard of review for an appellate court in evaluating the legal sufficiency of the evidence is to determine whether any rational finder of fact could have found the existence of the elements of the offense beyond a reasonable doubt after viewing all of the evidence in a light most favorable to the verdict. The appellate court's duty is not to sit as a thirteenth juror reweighing the evidence or deciding whether it believes the evidence established the elements in question beyond a reasonable doubt.[2]

---

[1]*Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).

[2]*Ridings v. State*, 357 S.W.3d 855, 860–61 (Tex. App.—Eastland 2012, pet. ref'd) (citations omitted).

*Sufficiency of the Evidence of Indecency with a Child by Contact*

Courtney, L.T.'s mother, specifically testified her daughter had told her that, when Appellant would tickle her, his hand "would actually stay right there on her breasts." She testified that L.T.'s outcry included reporting that Appellant touched her breasts. L.T. testified that Appellant's touching did not make her uncomfortable until "it got to the touching on the breasts and stuff like that." Indeed, during his objection to lack of notice, Appellant's trial counsel conceded that L.T. "testified about touching her breasts on more than one occasion."

Before the jury, the prosecutor asked L.T. how it made her feel when Appellant touched her "on the breast." L.T. responded that it made her feel uncomfortable. She also testified before the jury that she had told her mother "about it" and that Appellant had "messed with" her breast under her shirt.

*Sufficiency of the Evidence of Indecent Exposure*

L.T. testified that Appellant exposed the pink tip of his private part to her when he put a spoon with ice cream near it. She testified that the proper name for his private part was penis. A jury may accept or reject any or all of the testimony of any witness.[3] Any credibility issues arising from a difference between L.T.'s description of the event and her mother's description must be resolved by the jury. The appellate court's application of the *Jackson* standard of review "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[4]

---

[3]*Limuel v. State*, 568 S.W.2d 309, 311 (Tex. Crim. App. 1978).

[4]*Klein v. State*, 273 S.W.3d 297, 302 (Tex. Crim. App. 2008) (citing *Jackson*, 443 U.S. at 319).

*Holding Regarding Sufficiency of the Evidence*

Applying the appropriate standard of review, we hold the evidence is sufficient to support the jury's verdict as to counts one and three of the indictment. We overrule Appellant's first point on appeal.

*Due Process*

Appellant argues in his second point on appeal, erroneously designated as his third point, that because Appellant was convicted on the basis of insufficient evidence, he was denied due process. This court's analysis of Appellant's first point disposes of his second point as well. The evidence is sufficient to support the jury's verdict. Consequently, Appellant was not denied due process as he argues in his second point. We overrule Appellant's second point on appeal.

*Evidence of Extraneous Events*

In his third point, Appellant argues that the trial court reversibly erred in admitting evidence that Appellant had smelled L.T.'s panties and had made lewd statements.

Courtney testified that, while they were doing laundry and in response to her confusion over which part of the clothes had already been laundered, Appellant had smelled L.T.'s panties to determine whether they were clean or dirty. Shae Stephens, a friend of Appellant's, testified that Appellant saw a young woman who was not "of age" and said "he would tear that ass up if he had the chance."

We review a trial court's admission or exclusion of evidence for an abuse of discretion.[5] We, therefore, do not reverse the exercise of that discretion if it is within the zone of reasonable disagreement.[6] A trial court does not abuse its discretion

---

[5]*See Bosquez v. State*, 446 S.W.3d 581, 585 (Tex. App.—Fort Worth 2014, pet. ref'd); *Sanders v. State*, 422 S.W.3d 809, 812 (Tex. App.—Fort Worth 2014, pet. ref'd).

[6]*Bosquez*, 446 S.W.3d at 585.

unless its ruling is arbitrary and unreasonable. The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court would, in a similar circumstance, does not demonstrate that an abuse of discretion has occurred.[7]

The trial court admitted the complained of testimony under Article 38.37 of the Code of Criminal Procedure. The trial court admitted the testimony concerning the panties, finding that the testimony was admissible under Article 38.37, Section (1)(b) of the Code of Criminal Procedure, which provides, in the trial of a defendant for indecency with a child, as follows:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> (1) the state of mind of the defendant and the child; and
>
> (2) the previous and subsequent relationship between the defendant and the child.[8]

The trial court found that the probative value of the evidence was not outweighed by the danger of unfair prejudice. The trial court found Shae Stephens's testimony admissible under Article 38.37 and overruled Appellant's objections under Rules 403, 404 and 608.

Both sides agree that neither act violated any law. On appeal, Appellant argues that the trial court erred in admitting the complained-of testimony because it related to acts that were not criminal, were not proved beyond a reasonable doubt, and were in no way similar to the offenses alleged in the indictment.

The State argues that, because the State was required to prove Appellant committed the acts of indecency with intent to arouse and gratify his sexual desire,

---

[7]*Foster v. State*, 180 S.W.3d 248, 250 (Tex. App.—Fort Worth 2005, pet. ref'd).

[8]TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1(b) (West 2018).

6

the evidence was admissible under Article 38.37 of the Code of Criminal Procedure to show Appellant's state of mind.[9]  They argue that evidence showing Appellant's treating an intimate article of clothing of L.T. in a sexual manner bears on Appellant's state of mind, regarding L.T., citing *Greene v. State*.[10]  Appellant's statement to Stephens regarding his sexual attraction to a very young woman also bears on his state of mind.  But, as this court has previously explained:

> Statements concerning a defendant's thoughts of wrongdoing are merely inchoate thoughts.  To implicate Rule 404(b), there must be actual conduct that alone or in combination with these thoughts could constitute a bad act, wrong, or crime.[11]

Considering the record as a whole and the argument of counsel, and applying the appropriate standard of review, we hold that the trial court properly admitted the evidence of Appellant's smelling L.T.'s panties and his statement to Shae Stephens. We overrule Appellant's third point on appeal.

### *Jury Argument*

In his fourth point, Appellant argues that the trial court should have granted a mistrial based upon the prosecutor's improper jury argument:

> [D]ue to blatant disregard of the law and a calculated effort to deliberately go beyond proper summation. Such inflamed the jury, incited them to reach a "guilty" verdict, and encouraged them to convict defendant/appellant.
>
> Because the prosecutor went FAR beyond the bounds of proper summation flagrantly defying both the trial Court's ORDER and the rule of law recognized by every appellate court in this state, including the Court of Criminal Appeals, the case should be reversed.

---

[9]*Id.* art. 38.37, § 1(b)(1).

[10]*Greene v. State*, 287 S.W.3d 277, 285 (Tex. App.—Eastland 2009, pet. ref'd) (evidence of defendant's feelings about complainant and what he wanted to do to her were relevant to show defendant's state of mind and relationship between defendant and complainant).

[11]*Id.* (citations omitted).

The law is well established that "[a] prosecutor's improper jury argument cannot be 'error.' Only the trial court can commit an 'error.'"[12] Additionally, as this court has repeatedly explained, in order to preserve a complaint for appellate review, the record must show that Appellant made a specific and timely complaint to the trial court and that the trial court ruled on it.[13] The objecting party must state the grounds to support the requested ruling "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds are apparent from the context."[14] While Appellant has referred us generally to what he considers improper argument by the State, he does not set out his complaint or direct us to a portion of the record in which he made the trial court specifically aware of his complaint, requested appropriate relief from the trial court, and was denied that relief. We are not required to search through the record to do his job for him. Nevertheless, we have searched the record in the interest of justice to locate any properly preserved objection, request for instruction, and motion for mistrial regarding the State's final argument. While Appellant complains generally of arguments outside the record and arguments expressing the prosecutor's personal opinion, Appellant preserved no reversible-error complaint for appellate review. Based on the record before us, we overrule Appellant's fourth point on appeal.

---

[12]*Faulkner v. State*, 940 S.W.2d 308, 314 (Tex. App.—Fort Worth 1997, pet. ref'd) (citations omitted).

[13]*Daniel v. State*, No. 11-15-00059-CR, 2017 WL 3540224, at *7 (Tex. App.—Eastland Aug. 10, 2017, no pet.) (citing TEX. R. APP. P. 33.1; *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009)).

[14]TEX. R. APP. P. 33.1(a)(1)(A); *Daniel*, 2017 WL 3540224, at *7; *see Resendez v. State*, 306 S.W.3d 308, 314 (Tex. Crim. App. 2009) ("Only when there are clear contextual clues indicating that the party was, in fact, making a particular argument will that argument be preserved.").

*Holding in the Case*

Having overruled Appellant's four points on appeal, we affirm the judgment of the trial court.

LEE ANN DAUPHINOT
SENIOR JUSTICE

June 14, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Dauphinot, S.J.[15]

---

[15]Lee Ann Dauphinot, Senior Justice (Retired), Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.