**Opinion filed April 16, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00295-CR
_____

## ROBERT LINDSEY GREENE, JR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 355th District Court**

**Hood County, Texas**

**Trial Court Cause No. CR10469**

## O P I N I O N

The jury convicted Robert Lindsey Greene, Jr. of three counts of sexual assault of a child and three counts of indecency with a child. The jury assessed punishment at fourteen years confinement on each of the counts. The trial court ordered that the sentences run concurrently. We affirm.

*Background Facts*

Appellant was indicted for three counts of sexual assault of a child (Counts One through Three) and four counts of indecency with a child (Counts Four through Seven). The indictment referred to the child by the pseudonym "L.F." The indictment alleged that the offenses occurred on

or about October 15, 2005. L.F. was sixteen years old at the time of the alleged offenses. Counts One through Three alleged that appellant sexually assaulted L.F. by penetrating her sexual organ with his fingers, by penetrating her sexual organ with his sexual organ, and by penetrating her mouth with his sexual organ. Counts Four through Seven alleged that appellant committed indecency with a child by engaging in sexual contact by touching L.F.'s breast with his sexual organ, by touching L.F.'s breast with his hand, by touching L.F.'s genitals with his mouth, and by touching L.F.'s genitals with his hand.

The jury convicted appellant of Counts One through Six. Count Seven was not submitted to the jury. Following the jury's verdict, the State moved to dismiss Count Seven on the ground that it was a lesser included offense of the offense alleged in Count One. The trial court granted the State's motion to dismiss.

*The Evidence at Trial*

We note that appellant does not challenge the sufficiency of the evidence supporting his convictions. However, an analysis of appellant's issues on appeal requires a review of the evidence. The record shows that, in 2005, appellant worked as a detective for the Crowley Police Department. At that time, L.F.'s mother, Denise Reynolds, also worked at the department. Denise was a records clerk and property evidence tech for the department. Appellant and his wife, Elizabeth, became friends with Denise and L.F., and appellant spent one-on-one time with L.F. Appellant discussed L.F.'s problems with her, helped her with her homework, played video games with her, went to the movies with her, and taught her how to shoot a gun at a shooting range. L.F. often visited Denise at the Crowley Police Department, and L.F. talked with appellant many times at the department.

In November 2005, appellant and Elizabeth went on a Caribbean cruise with Denise and L.F. At about the same time, the Crowley Police Department was experiencing problems with one of its computers. The department hired a private company to repair the computer. The company discovered that child pornography had been saved on the computer. At a pretrial hearing, the State presented evidence that appellant was the only person with access to the computer when the child pornography images were saved on it. Appellant was placed on administrative leave from the Crowley Police Department pending an investigation. Appellant went to work for a company named PumpCo after leaving the department.

2

A warrant was issued for appellant's arrest for the offense of possession of child pornography on his work computer at the Crowley Police Department. Before appellant was arrested, United States Deputy Marshal Vickie Gilpin Birge and her partner informed Elizabeth that they had an arrest warrant for appellant. Deputy Birge testified that Elizabeth asked if they were there about a sexual assault. Tarrant County Deputy Sheriff Robert Hernandez and several other officers assisted in the arrest of appellant. Deputy Hernandez testified that, while appellant was being arrested, he asked, "Is this about the sexual assault?" Deputy Hernandez said that he told someone at the Tarrant County District Attorney's Office about appellant's statement.

After appellant was arrested, Lorie Barnell of the Tarrant County District Attorney's Office called Crowley Police Department Investigator Richard Chapman. Barnell's call led Investigator Chapman to investigate a possible sexual assault charge against appellant. Barnell asked Investigator Chapman whether he knew of anyone who might have been sexually assaulted. Investigator Chapman had seen appellant and L.F. together at the police department, and he thought that L.F. might have been a victim of sexual assault. Investigator Chapman asked Denise to talk with L.F. to see whether there had been a sexual relationship between appellant and L.F. L.F. told Denise about her sexual relationship with appellant. Denise reported back to Investigator Chapman, and he had L.F. taken to the Alliance for Children to be interviewed.

L.F. testified that she and appellant had had a sexual relationship that lasted for one and one-half months to two months. She said that the first time she had sex with appellant was on October 1, 2005. L.F. also testified that appellant committed the acts alleged in the indictment. William Taylor Brooks, who had worked with appellant at PumpCo, testified that appellant told him L.F.'s name, showed him pictures of L.F., told him that he and L.F. had had a sexual relationship, and told him that he and L.F. had engaged in sex in a number of different positions, including "[m]issionary, doggy style, anal, [and] oral." The State presented evidence that appellant sent L.F. a number of text messages of a sexual nature.

*Issues on Appeal*

Appellant presents four issues for review. In each issue, appellant complains of evidentiary error. In his first and second issues, he contends that the trial court erred in admitting evidence of his arrest for an extraneous offense. In his third issue, he asserts that the trial court erred in admitting

3

evidence of statements that he made to Denise and L.F. about his feelings for L.F. In his fourth issue, he contends that the trial court erred by failing to disclose to him material information contained in L.F.'s Planned Parenthood records.

*Standard of Review*

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006); *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). An appellate court will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); *Burden*, 55 S.W.3d at 615. Error in the admission of evidence is nonconstitutional error and is, therefore, subject to a harm analysis under Rule 44.2(b) of the Rules of Appellate Procedure. TEX. R. APP. P. 44.2(b); *Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *West v. State*, 124 S.W.3d 732, 734 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). Therefore, to obtain a reversal of a conviction based on error in the admission of evidence, an appellant must show that the trial court's ruling was in error and that the error affected his substantial rights. Rule 44.2(b); *West*, 124 S.W.3d at 734. Substantial rights are not affected by the erroneous admission of evidence "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (quoting *Johnson*, 967 S.W.2d at 417)).

*Evidence of Arrest for Extraneous Offense*

In his first and second issues, appellant argues that the trial court erred in admitting evidence of his June 2006 arrest for possession of child pornography. Specifically, appellant asserts that the evidence relating to his June 2006 arrest was not relevant and allowed the jury "to consider evidence of character conformity." Alternatively, appellant argues that, if the evidence was relevant, it should have been excluded under Rule 403 of the Rules of Evidence. TEX. R. EVID. 403. Appellant also argues that the trial court violated his rights to due process of law and a fair and impartial jury by allowing the State to go into details of his June 2006 arrest.

Before trial, the trial court ruled, over appellant's objections, that the State would be allowed to offer limited evidence relating to appellant's June 2006 arrest for the purpose of showing that the

4

arrest led to the investigation of appellant in this cause. The prosecutor explained the purpose of the evidence during his opening statement:

> And I want to tell you some things that you're not going to hear about and why you're not going to hear about them. Now, you're not going to hear about what this arrest warrant was for, you're not going to hear about the details of that investigation, that initial one, and the reason why is is it's not relevant to anything that you have to consider here today, except for it explains how this all started. Okay? So I don't want you to be trying to speculate or guess as to what that was. You're only to consider that – and Judge Walton may even tell you more or less the same thing – you're only to consider evidence about this arrest for the limited purpose of explaining why or how Richard Chapman started looking into the relationship between the defendant and [L.F.].

The State presented limited evidence about the June 2006 arrest during trial. The evidence showed that the arrest was not for sexual assault, that appellant and Elizabeth both asked whether the arrest was for sexual assault, and that the arrest led to the investigation in this cause. The State did not offer evidence that appellant was arrested for possession of child pornography. The trial court gave the following limiting instruction during Elizabeth's testimony about the arrest:

> THE COURT: [W]ell, the jury is instructed not to consider this testimony as it relates to the events surrounding the issuance of a warrant for the arrest of – of the defendant as is being discussed right now. Any evidence of the guilt of the defendant in this case right here has nothing to do with that, it's just contextual to show the surrounding of the events leading up to his arrest.

Rule 404(b) of the Rules of Evidence provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

TEX. R. EVID. 404(b). Rule 404(b) incorporates the fundamental tenet of our criminal justice system that an accused may be tried only for the offense for which he is charged and not his criminal conformity. *Rankin v. State*, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996). For an extraneous offense to be admissible, it must be relevant apart from supporting an inference of character conformity. *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991).

Extraneous offense evidence may be admissible for purposes other than those expressly listed in Rule 404(b). For example, such evidence may be admissible as same transaction contextual evidence, which has been defined as evidence of other offenses connected with the offense charged. *Wyatt v. State*, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000); *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993); *Swarb v. State*, 125 S.W.3d 672, 681 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd). "[I]t has long been the rule in this State that the jury is entitled to know all relevant surrounding facts and circumstances of the charged offense; an offense is not tried in a vacuum." *Moreno v. State*, 721 S.W.2d 295, 301 (Tex. Crim. App. 1986). Same transaction contextual evidence is admissible under Rule 404(b) to the extent that it is necessary to the jury's understanding of the charged offense, such as when the charged offense would make little or no sense without it. *Wyatt*, 23 S.W.3d at 25; *Swarb*, 125 S.W.3d at 681. The purpose of admitting extraneous offense evidence as same transaction contextual evidence is to place the instant offense in context. *Nguyen v. State*, 177 S.W.3d 659, 667 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd).

Appellant's June 2006 arrest, coupled with his question about whether he was being arrested for sexual assault, led to Investigator Chapman's investigation of appellant in this cause. L.F. did not make her sexual assault outcry until after Investigator Chapman began his investigation. The State could not adequately describe the facts and circumstances of the offenses charged in this cause without presenting evidence relating to appellant's June 2006 arrest. The evidence about the circumstances surrounding appellant's June 2006 arrest explained why Investigator Chapman was investigating appellant. Without such an explanation, the timing of Investigator Chapman's investigation and L.F.'s outcry would make little or no sense to a jury. We find that the evidence relating to appellant's June 2006 arrest constituted same transaction contextual evidence for the purposes of Rule 404(b). *See Swarb*, 125 S.W.3d at 682 (Evidence of an arrest warrant relating to an extraneous offense provided the jury with the context to show why the officers were searching for the defendant and how they discovered controlled substances in his vehicle.).

In addition to satisfying the requirements of Rule 404(b), extraneous offense evidence must also satisfy the balancing test of Rule 403. *Nguyen*, 177 S.W.3d at 668; *Swarb*, 125 S.W.3d at 681. Under Rule 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. A Rule 403 analysis by the trial court should include, but is not

limited to, the following considerations: (1) the probative value of the evidence; (2) the potential of the evidence to impress the jury in some irrational, indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence. *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004). Generally, although a trial court must still perform a balancing test to see if same transaction contextual evidence's probative value is substantially outweighed by its prejudicial effect, the prejudicial nature of contextual evidence rarely renders it inadmissible, as long as it sets the stage for the jury's comprehension of the whole criminal transaction. *Swarb*, 125 S.W.3d at 681.

During a pretrial hearing, the trial court performed a Rule 403 balancing test on the evidence relating to appellant's June 2006 arrest and determined that its probative value outweighed any prejudicial effect. Therefore, the trial court indicated that it would allow the State to introduce the evidence at trial. Appellant made Rule 403 objections to the evidence during trial, and the trial court overruled the objections. A trial court is not required to perform a balancing test in a formal hearing on the record. *Williams v. State*, 958 S.W.2d 186, 195-96 (Tex. Crim. App. 1997); *Yates v. State*, 941 S.W.2d 357, 367 (Tex. App.—Waco 1997, pet. ref'd). By overruling appellant's Rule 403 objections, the trial court necessarily conducted the balancing test when it considered the objections. *Yates*, 941 S.W.2d at 367.

The probative nature of the evidence relating to appellant's June 2006 arrest is set forth above. The evidence explained the reason for Investigator Chapman's investigation of appellant. The State needed to introduce the evidence to adequately describe the circumstances of the charged offenses. The prosecutor explained to the jury that it was to consider the evidence about the June 2006 arrest for the limited purpose of explaining why or how Investigator Chapman began his investigation. The record does not show that the evidence about appellant's June 2006 arrest had the potential to impress the jury in some irrational, indelible way. The record does not establish that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice; therefore, the trial court did not abuse its discretion in overruling appellant's Rule 403 objections.

However, even assuming that the admission of the evidence constituted error, the record does not demonstrate that appellant was harmed by the evidence. In assessing harm, the appellate court should consider everything in the record, including any testimony or physical evidence admitted for

7

the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with other evidence in the case. *Motilla*, 78 S.W.3d at 355; *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). We have summarized the evidence at trial above. The State presented ample evidence of appellant's guilt. The State informed the jury of the purpose of the limited evidence relating to appellant's June 2006 arrest, and the trial court gave the jury a limiting instruction about the evidence. Viewing the entire record and assuming that the admission of the evidence relating to the June 2006 arrest constituted error, we conclude that the error did not have a substantial and injurious effect or influence on the jury's verdict.

Appellant also contends that Elizabeth's statement to Deputy Birge about whether Deputy Birge and her partner were there about a sexual assault constituted inadmissible hearsay. Elizabeth's statement was cumulative of appellant's statement to Deputy Hernandez when he was arrested, and appellant's statement was not hearsay. TEX. R. EVID. 801(e)(2)(A); *Trevino v. State*, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999) ("[A] criminal defendant's own statements, when being offered against him, are not hearsay."). Even if the trial court erred in admitting Elizabeth's statement, the record does not demonstrate that appellant was harmed by the evidence. We overrule appellant's first and second issues.

*Appellant's Statements About His Feelings for L.F.*

In his third issue, appellant contends that the trial court erred in admitting evidence of statements he made to Denise and L.F. about his feelings for L.F. In his brief, appellant cites two instances of testimony. First, Denise testified that appellant told her that he was in love with L.F. and wanted to be with her. Second, L.F. testified appellant told her that "he would like to kiss me on the neck, rub his hand up my side, grab my breasts and engage in sexual activity." Appellant asserts that this testimony contained evidence of extraneous offenses or bad acts under Rule 404(b). He contends that the evidence was inadmissible for two reasons: (1) the State failed to provide him with reasonable notice of the State's intent to introduce such evidence as required by Rule 404(b)

and Article 38.37 of the Code of Criminal Procedure[1] and (2) that its prejudicial effect outweighed its probative value.

To constitute an extraneous offense, the evidence must show a crime or bad act and must connect the defendant to it. *Lockhart v. State*, 847 S.W.2d 568, 573 (Tex. Crim. App. 1992); *Castillo v. State*, 59 S.W.3d 357, 361 (Tex. App.—Dallas 2001, pet. ref'd). The evidence must include some sort of extraneous conduct on behalf of the defendant that forms a part of the alleged extraneous offense. *Moreno v. State*, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993). Statements concerning a defendant's thoughts of wrongdoing are merely inchoate thoughts. *Id.* To implicate Rule 404(b), there must be actual conduct that alone or in combination with these thoughts could constitute a bad act, wrong, or crime. *Massey v. State*, 933 S.W.2d 141, 154 (Tex. Crim. App. 1996); *Moreno*, 858 S.W.2d at 463; *Castillo*, 59 S.W.3d at 361. Appellant's statements about his feelings for L.F. and what he wanted to do to her pertained to his thoughts and did not implicate any conduct on his part that would invoke Rule 404(b). Therefore, the State was not required to give appellant notice of its intent to introduce this evidence under Rule 404(b) or Article 38.37.

Evidence about appellant's feelings for L.F. and what he wanted to do to her was relevant to, and highly probative of, appellant's state of mind and the relationship between appellant and L.F. The record does not demonstrate that the probative value of this evidence was substantially outweighed by the danger of unfair prejudice. Therefore, the trial court did not abuse its discretion in admitting the evidence. However, assuming that the trial court committed error, we note that appellant sent a text message to L.F. telling her he loved her and that appellant sent her text messages of a sexual nature. The record does not demonstrate that appellant was harmed by Denise's and L.F.'s testimony about his feelings for L.F. and what he wanted to do to her. We overrule appellant's third issue.

### Planned Parenthood Records

In his fourth issue, appellant argues that L.F.'s Planned Parenthood records may have contained material information as defined in *Brady v. Maryland*, 373 U.S. 83 (1963). Appellant asserts that the trial court abused its discretion in failing to disclose the material information to him. Appellant subpoenaed L.F.'s Planned Parenthood records. The trial court conducted an in camera review of the records. By letter ruling, the trial court found that the records did not contain information that was material to the case. The trial court stated in the letter that it would be returning

---

[1] TEX. CODE CRIM. PROC. ANN. art. 38.37 (Vernon Supp. 2008).

9

the records to Planned Parenthood. The following exchange took place between appellant's counsel and the trial court at a pretrial hearing:

> [DEFENSE COUNSEL]: The second matter I have, Your Honor, as the Court's aware, I subpoenaed some Planned Parenthood documents that the Court reviewed and determined they were not material and relevant to this trial. I – in the Court's order, Judge, you indicated you had sent those documents back to Planned Parenthood. I would inquire whether the Court contained a sealed copy in the clerk's file.

> THE COURT: No.

> [DEFENSE COUNSEL]: Then I'd request that I be allowed to contact Planned Parenthood and get a sealed copy for record only purposes, certainly order on the outside of those records sealed, only to be opened with permission of the Court.

> THE COURT: All right. You can do that. I'll grant you permission to do that and order Planned Parenthood to turn over a sealed copy of it.

> [DEFENSE COUNSEL]: Okay. I'll take care of that, Judge.

The record does not show that appellant's counsel contacted Planned Parenthood in an effort to obtain a sealed copy of the records for the trial court clerk's file or that the records were filed with the clerk. The appellate record does not contain the records. While appellant believes that the records contain material information, we cannot evaluate his claim because the records are not before us. Appellant had the burden to include all matters in the record necessary to evaluate his claim. *Roberts v. State*, 220 S.W.3d 521, 527 (Tex. Crim. App. 2007); *Newsome v. State*, 829 S.W.2d 260, 264 (Tex. App.—Dallas 1992, no pet.). Because appellant did not include the Planned Parenthood records in the record, he failed to preserve error on this issue. *Roberts*, 220 S.W.3d at 527; *Newsome*, 829 S.W.2d at 264. We overrule appellant's fourth issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

TERRY McCALL

April 16, 2009                                                                JUSTICE

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

10