02-10-327-CR
















 

 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT
WORTH

 

NO. 2-10-327-CR

 

 


 
 
 ROBERT LINDSEY GREENE, JR.
 
 
                                               APPELLANT
 
 


 

V.

 


 
 
 THE STATE OF TEXAS
 
 
                                                    
 
 STATE
 
 


 

 

------------

 

FROM THE 355TH
DISTRICT COURT OF HOOD
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          A jury convicted Appellant Robert
Lindsey Greene, Jr. of three counts of sexual assault of a child and three
counts of indecency with a child.  The
jury assessed his punishment at fourteen years on each count, and the trial
court sentenced him accordingly, ordering that the sentences run
concurrently.  Appellant appealed, and the
Eleventh Court of Appeals, to which Appellant’s 2007 appeal was transferred
from this court, affirmed the trial court’s judgment in April 2009. [2]  Mandate issued in November 2009.[3]

          In April and July 2010, Appellant
filed pro se motions in the trial court seeking a hearing on his motion for new
trial filed in 2007 because the record shows that the trial court set the
motion for new trial for hearing in 2007, but the record does not show that a
hearing was held.  The trial court denied
Appellant’s first pro se motion seeking a hearing on April 16, 2010, and denied
his second pro se motion seeking a hearing on July 20, 2010.  Appellant filed a notice of appeal from the
July 20 denial.

          On August 10, 2010, we sent Appellant
a letter requesting a response within fifteen days showing grounds for
continuing the appeal, as it appeared we lacked jurisdiction.  As of this date, we have not received a
response.

          Appellant’s motion for new trial was
overruled by operation of law after the expiration of seventy-five days after August
10, 2007, his sentencing date.[4]
Further, “[w]hen a conviction has been affirmed on appeal and the mandate has
issued, general jurisdiction is not restored in the trial court.”[5]  The trial court therefore had no jurisdiction
to rule on Appellant’s motions in 2010, and we likewise have no jurisdiction
over the appeal.  We therefore dismiss
this appeal for want of jurisdiction.[6]

                                                                             PER
CURIAM

 

PANEL: 
DAUPHINOT, GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
September
 30, 2010











[1]See Tex. R. App. P. 47.4.





[2]Greene v. State, 287 S.W.3d 277 (Tex.
App—Eastland 2009, pet. ref’d).





[3]See Tex. R. App. P. 18.1(a).





[4]See Tex. R. App. P. 21.8(c).





[5]State v. Patrick, 86 S.W.3d 592, 594
(Tex. Crim. App. 2002).





[6]See Tex. R. App. P. 43.2(f).