

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-10-327-CR

ROBERT LINDSEY GREENE, JR.                                    APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Robert Lindsey Greene, Jr. of three counts of sexual assault of a child and three counts of indecency with a child. The jury assessed his punishment at fourteen years on each count, and the trial court sentenced him accordingly, ordering that the sentences run concurrently. Appellant appealed, and the Eleventh Court of Appeals, to which Appellant's

---

[1]See Tex. R. App. P. 47.4.

2007 appeal was transferred from this court, affirmed the trial court's judgment in April 2009.[2] Mandate issued in November 2009.[3]

In April and July 2010, Appellant filed pro se motions in the trial court seeking a hearing on his motion for new trial filed in 2007 because the record shows that the trial court set the motion for new trial for hearing in 2007, but the record does not show that a hearing was held. The trial court denied Appellant's first pro se motion seeking a hearing on April 16, 2010, and denied his second pro se motion seeking a hearing on July 20, 2010. Appellant filed a notice of appeal from the July 20 denial.

On August 10, 2010, we sent Appellant a letter requesting a response within fifteen days showing grounds for continuing the appeal, as it appeared we lacked jurisdiction. As of this date, we have not received a response.

Appellant's motion for new trial was overruled by operation of law after the expiration of seventy-five days after August 10, 2007, his sentencing date.[4] Further, "[w]hen a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court."[5] The trial court therefore had no jurisdiction to rule on Appellant's motions in 2010, and we

---

[2]*Greene v. State*, 287 S.W.3d 277 (Tex. App—Eastland 2009, pet. ref'd).

[3]*See* Tex. R. App. P. 18.1(a).

[4]*See* Tex. R. App. P. 21.8(c).

[5]*State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002).

likewise have no jurisdiction over the appeal. We therefore dismiss this appeal for want of jurisdiction.[6]

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 30, 2010

---

[6]*See* Tex. R. App. P. 43.2(f).

3