**Opinion filed August 22, 2019**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-17-00352-CR, 11-17-00353-CR, 11-17-00354-CR, 11-17-00355-CR, & 11-17-00356-CR

_____

## RAUL OJINAGA REYES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause Nos. 14988, 14989, 14990, 14991, & 14992**

## M E M O R A N D U M   O P I N I O N

Raul Ojinaga Reyes entered an open plea of guilty to five counts of aggravated assault against a public servant. *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B) (West 2019). The jury assessed Appellant's punishment at confinement for a term of twenty years in the Institutional Division of the Texas Department of Criminal Justice for each count, with each sentence to be served concurrently. In a single

issue, Appellant asserts that the trial court abused its discretion by admitting photographs of weapons that were not used in the aggravated assaults. We affirm.

*Background Facts*

On December 27, 2016, Appellant entered an AT&T store in Big Spring. A store employee testified that she called 9-1-1 because Appellant "had his pants kind of undone" and had "a gun shoved in the back of his pants." She also testified that Appellant was incoherent. While the employee called 9-1-1, Appellant left the store and drove away in a silver Ford pickup. Big Spring Police Officer Celeste Valle testified that she received an alert from Howard County Dispatch regarding an armed suspect in a silver Ford pickup. Officer Valle observed a vehicle matching the description change lanes without using a turn signal. Officer Valle initiated a traffic stop. Officer Valle approached Appellant's vehicle and made contact with Appellant. Texas Department of Public Safety Corporal Hope Hohertz arrived at the scene near the same time, and she approached the other side of Appellant's vehicle.

After briefly speaking with Appellant, Officer Valle and Corporal Hohertz instructed Appellant to get out of the vehicle, but Appellant refused. Officer Valle testified that Appellant then pointed a pistol at the officers. Both officers fled to defensive positions, and Corporal Hohertz fired at Appellant. Corporal Hohertz believed that Appellant also fired at them before driving off. Officer Valle and Corporal Hohertz pursued Appellant in their vehicles, along with numerous other officers who responded to the dispatch alert. After several minutes, Appellant stopped his vehicle.

Sergeant Michael Moore, Officer Jordan Whetsel, and Detective Wesley Davis, all from the Big Spring Police Department, stopped near Appellant's vehicle. Appellant fired shots at the officers as they arrived. A total of twenty-eight shell casings fired from Appellant's assault rifle were found at the scene. Multiple police

vehicles were damaged, and Detective Davis was injured. When Appellant briefly paused firing at the officers, Corporal Hohertz fired her shotgun at Appellant until Appellant fell down. The officers arrested Appellant, who was taken to the hospital and treated for his injuries.

Teresa Dunnam Cox, a Big Spring Police Department identification technician, testified during the punishment phase. During Cox's testimony, the State offered into evidence three photographs of items recovered during a search of Appellant's vehicle. Cox described these items as follows: "other firearms and ammunition and other tactical items that were located in the suspect's vehicle." Appellant objected to these photographs on the grounds that the photographs did not depict any weapons used during the commission of the charged offenses and that "the only purpose of [the exhibits] is to somehow paint [Appellant] as some kind of villain." The trial court overruled Appellant's objection and admitted the photographs into evidence.

*Analysis*

In a single issue, Appellant asserts that the trial court abused its discretion when it admitted the photographs of weapons that he did not use during the commission of the charged offenses. Appellant asserts that any probative value was substantially outweighed by the danger of unfair prejudice. Appellant asserts that the admission of these exhibits was improper under Rule 403 of the Texas Rules of Evidence because the State offered these exhibits to demonstrate Appellant's future danger to the public. Appellant contends that this is a subject that is speculative. He asserts that the admission of these photographs resulted in unfair prejudice. *See* TEX. R. EVID. 403.

We review a trial court's ruling under Rule 403 for an abuse of discretion. *Pawlak v. State*, 420 S.W.3d 807, 810 (Tex. Crim. App. 2013). This standard requires an appellate court to uphold a trial court's evidentiary ruling when it is

3

within the zone of reasonable disagreement. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). We will uphold the trial court's ruling on the admission or exclusion of evidence if the ruling was proper under any legal theory or basis applicable to the case. *See Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002).

Under Rule 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay or needless presentation of cumulative evidence. TEX. R. EVID. 403; *see Young v. State*, 283 S.W.3d 854, 874 (Tex. Crim. App. 2009). "Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002); *Render v. State*, 347 S.W.3d 905, 921 (Tex. App.—Eastland 2011, pet. ref'd). Evidence is unfairly prejudicial when it has the undue tendency to suggest an improper basis for reaching a decision. *Reese v. State*, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000); *Render*, 347 S.W.3d at 921.

In reviewing a trial court's determination under Rule 403, a reviewing court is to reverse the trial court's judgment "rarely and only after a clear abuse of discretion." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (quoting *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex. Crim. App. 1991)). When conducting a Rule 403 analysis, the trial court must balance:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest [a] decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will

4

consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). Rule 403, however, does not require that the balancing test be performed on the record. *Greene v. State*, 287 S.W.3d 277, 284 (Tex. App.—Eastland 2009, pet. ref'd). In overruling a Rule 403 objection, the trial court is assumed to have applied a Rule 403 balancing test and determined that the evidence was admissible. *Id.*

With respect to the probative value of the photographs, we note that they were offered during the punishment phase. At the punishment phase of trial, there are no discrete factual issues; instead, the task of deciding what punishment to assess is a normative process. *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999) (citing *Miller-El v. State*, 782 S.W.2d 892, 895–96 (Tex. Crim. App. 1990)). "[A]dmissibility of evidence at the punishment phase of a non-capital felony offense is a function of policy rather than relevancy." *Miller-El*, 782 S.W.2d at 895. The jury is entitled to consider "any matter the court deems relevant to sentencing." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2018). These matters include the defendant's character, the circumstances of the offense for which he is being tried, and evidence pertaining to the accused's "personal responsibility" and "moral culpability" for the crime charged. *See id.*; *Stavinoha v. State*, 808 S.W.2d 76, 79 (Tex. Crim. App. 1991) (per curiam). "Nevertheless, admissibility of punishment-phase evidence that the trial court deems relevant is still subject to a Rule 403 analysis." *Rodriguez v. State*, 163 S.W.3d 115, 119 (Tex. App.—San Antonio 2005) (citing *Rogers*, 991 S.W.2d at 266–67), *aff'd*, 203 S.W.3d 837 (Tex. Crim. App. 2006).

After the trial court overruled Appellant's objection to the three photographs, the prosecutor questioned Cox about the three photographs. Cox testified that the photographs depicted firearms, ammunition, and tactical items that were seized in

the inventory of Appellant's vehicle. Specifically, the items included fully loaded magazines, an assault rifle, a pistol, a tactical hatchet, boxes of ammunition, binoculars with night vision, and gloves.

The three photographs were probative of Appellant's readiness to exchange gunfire with police for an extended amount of time because they depicted items recovered from his vehicle. They were also relevant to his personal responsibility and moral culpability. Although these weapons may not have been used in the five aggravated assaults for which Appellant was convicted, the evidence did not take an inordinate amount of time to present, and there is little danger that the evidence confused the issues or misled the jury. Rather than confusing the issues, the evidence served to further the jury's understanding of the issues by explaining the circumstances surrounding the aggravated assaults.

Appellant contends that "these exhibits were offered for the stated purpose of establishing 'future dangerousness'" and "would have no bearing on [Appellant's] hypothetical conduct post-release or if given probation." Therefore, Appellant asserts that the exhibits "merely suggested to the jury that the jury should increase the length of the sentence based on evidence that was more prejudicial than probative." Appellant contends that, because the Court of Criminal Appeals has warned that evidence of future dangerousness is inherently imprecise and "often mere speculation," the photographs were more prejudicial than probative. *See Crawford v. State*, 617 S.W.2d 925, 937 (Tex. Crim. App. 1980) (Phillips, J., dissenting). We disagree.

In response to Appellant's objection to the admission of the photographs, the prosecutor argued:

> Your Honor, we intend to offer them to demonstrate the intent of [Appellant], that he had a tremendous potential of future danger; that he deliberately had weapons with him with additional ammunition; that he presents a future danger to the public; and that he utilized the

6

weapons in his possession; that there were additional weapons available to him immediately, and that his intent was to utilize those weapons or to utilize the weapons he had in hand.

Thus, the State did not seek to offer the photographs solely for the purpose of showing post-release dangerousness. As noted by the prosecutor, the State also sought to offer the photographs to show the danger posed by Appellant at the time the assaults occurred. As we have noted, the photographs were probative of the circumstances surrounding the assaults, Appellant's willingness to endanger the public and police, and Appellant's moral culpability. Accordingly, the trial court did not abuse its discretion when it admitted the photographs because their probative value was not substantially outweighed by the danger of unfair prejudice. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgments of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

August 22, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.

7