**Opinion filed October 21, 2021**



**In The**

# Eleventh Court of Appeals

_____

## Nos. 11-19-00307-CR & 11-19-00308-CR

_____

## ROBERT WILLIAM RICHARDSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 90th District Court**

**Stephens County, Texas**

**Trial Court Cause Nos. F35551 & F35552**

## M E M O R A N D U M   O P I N I O N

In trial court cause no. F35551, the State charged Appellant, Robert William Richardson, with continuous sexual abuse of a child. *See* TEX. PENAL CODE ANN. § 21.02 (West 2019). In trial court cause no. F35552, the State charge Appellant with sexual assault of a child. *See id.* § 22.011(a)(2) (West Supp. 2020). The trial court consolidated the cases for trial, and a jury convicted Appellant of both offenses. The trial court assessed punishment at confinement for a term of forty years on the

conviction for continuous sexual abuse of a child and a term of twenty years for the conviction for sexual assault of a child. The trial court ordered that the sentences be served concurrently in the Institutional Division of the Texas Department of Criminal Justice. In two issues, Appellant contends that the trial court abused its discretion by overruling his objections to evidence offered by the State. We affirm.

*Background Facts*

The underlying proceedings arise from an outcry of sexual abuse. Appellant is the step-grandfather of the victim, "Jane Doe # 3." When Jane Doe # 3 was sixteen, she made an outcry to her grandmother alleging that Appellant had sexually abused her on multiple occasions beginning around the age of eight or nine. Appellant challenges the admission of two statements that he made to a deputy sheriff and the notes of a child counselor who interviewed Jane Doe #3.

*Analysis*

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010). We uphold the trial court's decision unless it lies outside the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001). We uphold a trial court's evidentiary ruling if it is correct on any theory of law that finds support in the record. *Gonzalez v. State*, 195 S.W.3d 114, 125–26 (Tex. Crim. App. 2006); *Dering v. State*, 465 S.W.3d 668, 670 (Tex. App.—Eastland 2015, no pet.).

In his first issue, Appellant asserts that the trial court erred by admitting two of his own statements over his objections under Rule 803(24) and Rule 403. *See* TEX. R. EVID. 403, 803(24). Appellant's first challenged statement occurred during a recorded interrogation. After Jane Doe #3 made her outcry, Deputy Kevin Roach of the Stephens County Sheriff's Office interviewed Appellant. Deputy Roach first

gave Appellant *Miranda*[1] warnings. During the subsequent interview, Deputy Roach introduced the subject of Jane Doe #3 and told Appellant that someone overheard him make some inappropriate comments to her while the person spoke to her over the phone. Appellant then responded: "where I told her she was a little prick teaser?" Appellant objected under Rules 403 and 803(24) to the admission of this portion of the recorded interview. The trial court overruled the objections, and the recorded interview was played for the jury.

Appellant's second challenged statement occurred during transport following his arraignment. Deputy Roach testified that, while transporting Appellant to the jail after his arraignment, Appellant made the statement: "I didn't even do anything. If I would have at least done something, I could have enjoyed it." Appellant objected under Rules 403 and 803(24) to the admission of this statement. The trial court overruled Appellant's objections.

A statement is hearsay when the declarant makes the statement outside of court and a party offers the statement as "evidence to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801(d); *see Tienda v. State*, 479 S.W.3d 863, 874 (Tex. App.—Eastland 2015, no pet.). Hearsay is inadmissible except as provided by statute or the Rules of Evidence. TEX. R. EVID. 802. Appellant contends that the two statements above were not subject to an exception to the hearsay rule and should have been excluded at trial. Specifically, Appellant argues that neither statement meets the requirements of Rule 803(24) for a statement against interest because the statements did not subject him to criminal liability and were not supported by corroborating evidence. *See* TEX. R. EVID. 803(24).

However, the Rule 803(24) exception from the hearsay rule for a declaration against interest should not be confused with the Rule 801(e)(2) exclusion that

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

3

categorizes statements by a party-opponent as not hearsay. *See Templeton v. State*, No. 11-19-00192-CR, 2021 WL 1706761, at \*9 (Tex. App.—Eastland Apr. 30, 2021, no pet.) (not yet released for publication); *see also Bell v. State*, 877 S.W.2d 21, 24 n.2 (Tex. App.—Dallas 1994, pet. ref'd). In this regard, the State referred to Rule 801(e)(2) as a basis for the admission of Appellant's own statements as the statement of a party opponent.

Rule 801(e)(2)(A) of the Texas Rules of Evidence provides that a statement is not hearsay if it is offered against a party and is the party's own statement. TEX. R. EVID. 801(e)(2)(A). Thus, a party's own statement, when offered against him, is not hearsay and is admissible. *See Trevino v. State*, 991 S.W.2d 849, 853 (Tex. Crim. App 1999); *Templeton*, 2021 WL 1706761, at \*9; *Ballard v. State*, 110 S.W.3d 538, 542 (Tex. App.—Eastland 2003, pet. dism'd). "Unlike statements against interest, a party's admission need not be against the interests of the party when made in order to be admissible." *Templeton*, 2021 WL 1706761, at \*9 (citing *Trevino*, 991 S.W.2d at 853; *Ballard*, 110 S.W.3d at 542). "Therefore, a criminal defendant's own statement, when offered against him, is not hearsay and is admissible." *Id.*

Appellant made both of the challenged statements. Furthermore, they were offered by the State against Appellant. Accordingly, the statements qualified as opposing party statements under Rule 801(e)(2)(A) and were not hearsay. Thus, the trial court did not err in admitting the statements over Appellant's Rule 803(24) objection.

Appellant further contends that, even if the statements were admissible, the trial court abused its discretion in admitting the statements over his Rule 403 objections on the grounds of unfair prejudice to Appellant. *See* TEX. R. EVID. 403. All relevant evidence is generally admissible. TEX. R. EVID. 402; *see also Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009). Evidence is relevant if it has

any tendency to make a fact of consequence more or less probable than it would be without the evidence. TEX. R. EVID. 401.

Under Rule 403, relevant evidence may be excluded if its "probative value is substantially outweighed by a danger of . . . unfair prejudice." TEX. R. EVID. 403. "Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence is more probative than prejudicial." *Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002) (citing *Montgomery v. State*, 810 S.W.2d 372, 376 (Tex. Crim. App. 1990)); *see Martin v. State*, 570 S.W.3d 426, 437 (Tex. App.— Eastland 2019, pet. ref'd), *cert. denied*, 140 S. Ct. 485 (2019). When we review a trial court's determination under Rule 403, we reverse the trial court's judgment "rarely and only after a clear abuse of discretion." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (quoting *Montgomery*, 810 S.W.2d at 392). An analysis under Rule 403 includes, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012); *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006); *Martin*, 570 S.W.3d at 437. Rule 403, however, does not require that the balancing test be performed on the record. *Martin*, 570 S.W.3d at 437 (citing *Greene v. State*, 287 S.W.3d 277, 284 (Tex. App.—Eastland 2009, pet. ref'd)).

"By its express terms, evidence is not excludable under Rule 403 for merely being prejudicial—the rule applies to evidence that is *unfairly* prejudicial." *Id.* "Evidence is unfairly prejudicial when it has an undue tendency to suggest an improper basis for reaching a decision." *Id.* (citing *Reese v. State*, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000); *Render v. State*, 347 S.W.3d 905, 921 (Tex. App.— Eastland 2011, pet. ref'd)).

Appellant's first statement, "where I told her she was a little prick teaser," is probative because it shows that Appellant sexualized underaged females. The statement is also probative in light of Deputy Roach's testimony that abusers frequently blame child victims for acting in ways that excite an abuser. While Appellant's statement is inflammatory, we do not think that it risked unfair prejudice simply because, as Appellant argues, "it is hard to imagine a juror who would not be offended by such language." In *Gigliobianco v. State*, the Court of Criminal Appeals wrote that "unfair prejudice" "refers to a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). There, the court found that evidence that "arouses the jury's hostility or sympathy for one side without regard to the logical probative force of the evidence" might be unfairly prejudicial. *Id.* However, the evidence offered here went to the heart of the issue in this case and, while inflammatory, had probative force that did not distract from the issue or mislead the jury.

With respect to the State's need for the evidence, it is often the case with sexual offenses that the evidence comes down to competing versions of events. *See Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009). However, the need for evidence may not be so great if there is other evidence to establish the proposition for which the evidence is offered. *Gigliobianco*, 210 S.W.3d at 641. In this case, there was additional testimony by Jane Doe #3's brother that he was aware of the abuse on the day of the outcry because he is the person that overheard Appellant's comment over Jane Doe #3's cell phone. The State contends that the evidence was necessary because the statement was made the day of the outcry and placed Appellant with Jane Doe #3 on the morning that abuse had allegedly occurred, thereby rebutting Appellant's defense of alibi. Therefore, Appellant's statement was not only probative of the event at issue, but also probative to rebut his own defense. Thus, the State had a need for the evidence.

Although the statement was prejudicial to Appellant, we find that the balancing factors cited above weigh in favor of admission. Thus, we cannot conclude that the trial court's decision to admit the evidence was outside "the zone of reasonable disagreement." *See Montgomery*, 810 S.W.2d at 391.

Appellant's second statement to the effect that "I didn't even do anything. If I would have at least done something, I could have enjoyed it," is subject to the same balancing test set out above. Here, we again conclude that the trial court, after balancing the Rule 403 factors, could have reasonably concluded that the probative value of the statement was not substantially outweighed by unfair prejudice or confusion.

Appellant's statement expresses a sexual propensity for underage females that is probative to the charged offenses. Although the statement was inflammatory and might have elicited a negative response, the risk of the evidence impressing the jury in some irrational or indelible way was not substantial in light of the other evidence in the record. Additionally, the evidence did not occupy a significant amount of the jury's time during Appellant's trial. All of these factors favor admission. Admittedly, the State's need for the evidence was not great because Appellant's propensity for sexualizing underage females was shown elsewhere in the record. But, on balance, and considering the presumption favoring admissibility, we hold that the trial court did not abuse its discretion in admitting the evidence.

Even if the trial court had erred in admitting the "I could have enjoyed it" statement, the error was harmless. Generally, an error in the admission of evidence over a Rule 403 objection is nonconstitutional. *Perez v. State*, 562 S.W.3d 676, 691 (Tex. App.—Ft. Worth 2018, pet. ref'd). Nonconstitutional error is subject to a harmless error analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure, which examines whether the defendant's substantial rights were affected. *Davison v. State*, 405 S.W.3d 682, 688 (Tex. Crim. App. 2013). A substantial right

is affected if the error had a substantial and injurious effect or influence in determining the jury's verdict. *Schmutz v. State*, 440 S.W.3d 29, 39 (Tex. Crim. App. 2014). One's substantial rights are not affected by the erroneous admission of evidence if, after examining the record as a whole, we have fair assurance that the error did not influence the jury or had but a slight effect. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

The admission of Appellant's statement did not provide the jury with any new or novel evidence. The statement was cumulative of other evidence showing Appellant's interest in underage females. Because the evidence was shown elsewhere in the record, we are assured that the admission of the statement, even if it had been erroneous, did not have a substantial and injurious effect or influence on the jury's verdict in this case. Accordingly, we overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court erred in admitting the clinical records containing the counselor's notes because the notes constitute inadmissible hearsay. The State contends that Appellant did not preserve his hearsay complaint for our review because he did not object to the evidence on the basis of hearsay. We agree. "As a prerequisite to presenting a complaint for appellate review," a party must have made a timely request, objection, or motion to the trial court "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). Preservation of error is a systemic requirement on appeal. *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005). If an issue has not been preserved for appeal, the appellate court should not address the merits of that issue. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

At trial, Appellant objected to the admission of the notes on the grounds that they were not the best evidence and that they constituted improper "bolstering." On appeal, Appellant now contends that the notes are hearsay, and he abandons his best

evidence objection. *See* Tex. R. Evid. 1002. Appellant contends that an objection to "bolstering" is sufficient to preserve his hearsay issue. To support this contention, Appellant cites *State v. Balderas*, a case in which the First District Court of Appeals noted that "bolstering is generally a hearsay objection used when a party improperly offers evidence to support an unimpeached witness or to add credence or weight to earlier-introduced evidence." 915 S.W.2d 913, 919 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd).

However, the Court of Criminal Appeals has since expressed doubt as to whether "bolstering" remains a valid objection. *See Rivas v. State*, 275 S.W.3d 880, 886–87 (Tex. Crim. App. 2009). Although rooted in several evidentiary rules, the Court of Criminal Appeals has defined "bolstering" as "any evidence the *sole* purpose of which is to convince the factfinder that a particular witness or source of evidence is worthy of credit, without substantively contributing 'to make the existence of [a] fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'" *Cohn v. State*, 849 S.W.2d 817, 819–20 (Tex. Crim. App. 1993) (quoting former Tex. R. Cr. Evid. 401); *see also Rivas*, 275 S.W.3d at 886–87 (discussing the origin and decline of "bolstering" as a valid objection to preserve error). Because any evidence may bolster a witness, the "fundamental problem with an objection to 'bolstering' is its inherent ambiguity." *Rivas*, 275 S.W.3d at 886. Due to this inherent ambiguity, and because the "bolstering" evidence could be evidence of any type, we disagree with the *Balderas* court that "bolstering" can generally be interpreted as "hearsay" for the purposes of preservation.

Even if Appellant's "bolstering" objection had been sufficient to preserve his hearsay argument for appellate review, we conclude that the counselor's notes were admissible under a hearsay exception. *See* Tex. R. Evid. 803(6). Rule 803(6) provides that the records of regularly conducted activity are an exception to the

hearsay rules if it is shown that the records were made at or near the time of the event, that they were recorded by someone with knowledge, and that it was common practice to keep such a record in the course of a regularly conducted business. This can be shown through the testimony of the custodian or other qualified witness or by an affidavit that complies with Rule 902(10). *See* TEX. R. EVID. 902(10). Here, the State offered the notes with a business records affidavit that complied with Rules 803(6) and 902(10). Thus, even if Appellant had preserved his argument for review, the trial court did not err in admitting the notes under the business records exception to the hearsay rule. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the judgments of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


October 21, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.